# Tipton v. Brown et al.

(Decided May 13, 1938.)

E. C. O'REAR and ALLEN PREWITT for appellant.

HUBERT MEREDITH, Attorney General, and A. E. FUNK, Assistant Attorney General, for appellees.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—Reversing.

Appellant for some years was engaged in buying and selling real estate on her own account. In the spring of 1937 she had prospective purchasers for a large, inexpensive tract of land, to be well supplied with water, and located on a public highway. Appellant located five or more contiguous boundaries lying in Owen and Franklin counties, apparently suitable to the demands of her clients, the owners of the land giving verbal options on the various boundaries at an agreed price. However, for some undisclosed reason, the prospective purchasers passed out of the picture.

In the summer of 1937, appellant learned that the Division of Fish and Game desired a tract of land for the purpose of establishing a game preserve, and believing the tracts upon which she had options would be suitable for the purpose, she called the attention of the Director of Fish and Game to the boundary in question, and it was inspected. Later, in August, 1937, appellant reduced her options to writing, and the Director

was again shown the land, and verbally agreed to purchase it for the purpose above mentioned, at a price of $25 per acre.

The foregoing is the background of certain transactions which resulted in a suit by appellant against the Director of Fish and Game, the Conservation Commissioner, the Real Estate Board, Director of Finance, and Auditor and Treasurer of the Commonwealth, seeking specific performance of an alleged contract.

On December 16, 1937, appellant filed her petition making members of the boards and commissions named, and the officers above mentioned, defendants. She described by metes and bounds the two tracts of land involved, and alleged that the Director had purchased same for the purpose set out, and had in writing appropriated the sum of $26,297.50 for payment thereof out of the fish and game, and other available funds. Thereupon appellant (her husband joining) executed and delivered to the Attorney General, in a manner set rth, two deeds conveying two tracts (1,077 acres) and bmitted to that officer a true abstract of title, maps, d other data, as required by section 2337a-3, Ken-ʋ, cky Statutes, all of which she says were approved by an Assistant Attorney General, and delivered in escrow.

It was alleged that on November 5th, the Real Estate Board, by its written minutes, declared the land necessary for the intended purposes, and approved the purchase. Thereupon the Director of the Fish and Game division made requisition against the fish and game fund, presenting same, with voucher for the purchase price, to the Commissioner of Finance, requesting approval for payment, which approval, it is said, the commissioner arbitrarily refused to lend.

Appellees demurred to the petition, and without waiving answered, challenging particularly the power of the Director to contract for the purchase of the land in question for the purposes intended. It was affirmatively alleged that the right to purchase or to contract for same was lodged in the Real Estate Board, subject always to the approval of the Commissioner of Finance, and to the provision that sufficient unencumbered funds were then available to liquidate the obligation. It was alleged that with respect to the meeting of the Real Estate Board, at which the contract for purchase

of the land was said to have been approved by the board, neither the Attorney General nor Auditor were present, or had notice or knowledge of said attempted meeting, hence the same was illegally held, and any action taken by the board was of no binding effect. There were other affirmative allegations, which need not be noted.

A reply was filed to this answer, in which it was alleged that the Auditor and Attorney General had notice of the meeting, the pleading containing other allegations affirmative in nature, not necessary to be noted. The affirmative matter set up in the reply was controverted of record, and the matters of law arising upon defendant's demurrer to the petition coming on to be heard, the court sustained the demurrer, with leave to amend, plaintiff objecting.

Later appellant filed an amended petition, which elaborately repleaded matters set out in the original, showing by exhibits filed, or perhaps pleaded therein, such record facts as had been alleged in the original petition.

The amended petition after manifesting the approval of the purchase by the Real Estate Board, by way of the minutes of the meeting held on November 5th, alleged: "The Governor duly called said meeting by giving reasonable notice of the time and place of said meeting to each member of the board."

Upon the filing of the amended petition defendants demurred, and the cause was submitted solely on demurrer to the petition as amended, and the court adjudged the meeting of the board to be "invalid because of the failure of the secretary of said board to incorporate in his minutes of said meeting some recital showing that the alleged notice of said meeting was given." Whereupon the court sustained the demurrer, and plaintiff declining to plead further, the petition was dismissed, over plaintiff's objection, with exceptions and appeal granted.

Thus it will be seen the only adjudication by the court was to the effect that the petition was defective because the minutes of the meeting of the board did not recite that notice thereof had been given. Since the cause was submitted on appellees' general demurrer to the petition pleading specifically notice, such allegation was admitted by demurrer. It was not necessary,

though perhaps better practice, for the minutes to recite the fact that the notice had been given. The statute (section 4636-37, 1937 Supp.) requires that: "The Governor shall call all meetings of said Board by giving reasonable notice of the time and place of meeting to each member of the board." The statute does not provide in what manner the minutes shall be kept, nor require that they shall recite the giving of notice.

In addition, the presumption is generally indulged that a public officer in the performance of a duty required by law has performed that duty in the manner directed, which presumption prevails until the contrary is shown by competent evidence. Mason v. Letcher Coal & Coke Co., 196 Ky. 629, 245 S. W. 130. The question involved has no relation or reference to the proceedings of the board, but solely as to whether or not the meeting was irregularly held, because of lack of proper notice.

The question passed on by the court below is the only question which may be determined by us, and the only one to which we have given consideration; all other questions discussed are specifically reserved.

Because of the error in sustaining the demurrer on the ground stated, the judgment is reversed with directions for further proceedings consistent herewith.