Robert F. MATTHEWS, Jr., Commissioner, Department of Finance, Appellant,

v.

Henry WARD, Commissioner, Department of Highways, Appellee.

Court of Appeals of Kentucky.

Oct. 20, 1961.

John B. Breckinridge, Atty. Gen., Troy D. Savage, Asst. Atty. Gen., for appellant.

Paul E. Hunley, Asst. Atty. Gen., Frankfort, for appellee.

CLAY, Commissioner.

This is an agreed case prosecuted under KRS 418.020. The question concerns the validity of a contract between the Commonwealth (on behalf of the Department of Highways) and one of its employees in which the Commonwealth, in consideration of the employee's transfer to a new work station in this state, agrees to pay him $300 as a monetary allowance in lieu of his moving expenses.

A preliminary procedural question is raised as to whether or not an appeal to this Court in an agreed case brought under KRS 418.020, where the amount in controversy is less than $2500, must be prosecuted by motion for appeal under the provisions of KRS 21.080 and RCA 1.180. The answer is affirmative. KRS 418.030; KRS 446.190; CR 73.02(3).

Turning to the merits, we are immediately confronted with a controlling statute which is determinative of the specific issue presented in the controversy. (This statute was not called to the attention of the Chancellor by the parties, and consequently was not passed upon in his written opinion.)

The question submitted by the parties for adjudication is as follows:

"*Is a contract valid* which is entered into between the Commonwealth of Kentucky, Department of Highways and an employee thereof for the payment by the Department of *a lump sum allowance in lieu of moving expenses* in consideration of his transfer to a new work station and the assumption of duties at the new location? (Our emphasis.)

The agreed question, the regulation of the Department, and the particular contract involved (the latter two are filed as exhibits) all pertain to a *lump sum monetary allowance in lieu of transportation expenses.*

KRS 64.710 provides as follows:

"No public officer or employe shall receive or be allowed or paid any lump sum expense allowance, or contingent fund for personal or official expenses, except where such allowance or fund either is expressly provided for by statute or is specifically appropriated by the General Assembly."

The contract calls for payment of a lump sum expense allowance. It is not expressly provided for by statute or specifically appropriated by the General Assembly. The contract purports to do what the statute specifically prohibits. It is therefore invalid. See Smith v. Campbell, Ky., 286 S.W.2d 532, and Funk v. Milliken, Ky., 317 S.W.2d 499.

The foregoing answer disposes of the question submitted for adjudication. The parties in their briefs debate the question of whether or not, as a general proposition, expenses of this character could properly be paid. It is not within the scope of our proper function to decide questions not in issue. Funk v. Milliken, Ky., 317 S.W.2d 499, 508. Our views concerning the general authority of the Department with respect to the payment of employees' expenses would be no more than obiter dictum. The only real controversy (which KRS 418.020 requires) concerns a particular procedure painstakingly established by the Department.

The legal question presented for adjudication was very clear and specific (as it

should be in an agreed case under KRS 418.020). The answer to that question is likewise clear and must be in the negative. The contract referred to in the question is invalid because it violates the prohibition of KRS 64.710.

The judgment is reversed for consistent proceedings.