COMMONWEALTH of Kentucky ex rel.
Robert F. STEPHENS, Attorney
General, Appellant,

v.

Tom D. ISAACS, Individually d/b/a
Isaacs Properties, and Suburban
Acres, Inc., Appellees.

Court of Appeals of Kentucky.

Opinion Rendered Jan. 19, 1979.

As Modified Feb. 23, 1979.

Robert F. Stephens, Atty. Gen., Robert V. Bullock, Asst. Atty. Gen., Frankfort, for appellant.

William A. Young, Frankfort, for appellees.

Before HAYES, HOWERTON and LESTER, JJ.

HAYES, Judge.

The Commonwealth of Kentucky, on relation of its Attorney General, sought injunctive relief in Franklin Circuit Court enjoining the appellees from evicting tenants of appellees in retaliation for the tenants writing letters of complaint in order to effectuate corrections of what the tenants believed to be unsafe, unhealthy and improper conditions at the apartment complex where they resided. The alleged practice of appellees is sometimes referred to as "retaliatory eviction".

The complaint further sought injunctive relief to prevent appellees from failing to return security deposits to residents who vacate appellees' premises, and a civil penalty against appellees for violation of KRS 367.170, the Kentucky Consumer Protection Act.

The appellees filed a motion to dismiss the complaint on the basis that it failed to state a cause of action, that the Attorney General was without standing to maintain the action, and that KRS 367.170, under which the action was brought, is unconstitutional.

The trial court, based upon an affidavit by appellee Isaacs that most, if not all, the residents who had complained had since vacated the premises, entered a judgment dismissing the action as being moot.

Several issues have been raised by the parties on appeal. This Court, however, being one of error and not one of original jurisdiction, need decide only the question involving mootness. *Tipton v. Brown*, 273 Ky. 496, 117 S.W.2d 217 (1938).

As we view the record in this case in light of KRS 367.170 and KRS 367.190, the Commonwealth was seeking an injunction against appellees to prohibit the use of unfair practices against their tenants in the form of retaliatory evictions. By declaring the case moot, the trial court never decided any issue in the case. We agree with appellant and the cases cited by him. In *State v. Ralph Williams N.W. Chrysler Plymouth, Inc.*, 82 Wash.2d 265, 510 P.2d 233 (1973), the Washington Supreme Court, in interpreting that state's consumer protection law, stated at 238:

**618**

Mootness exists in the issuance of injunctions only where events make it absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur.

And in *Americans United for Separation of Church and State v. Board of Education of Beechwood Independent School District*, 369 F.Supp. 1059, 1061 (E.D.Ky.1974) the court held that "a defense based on mootness is not viable where the parties would be free to resume challenged conduct in the absence of a substantive determination."

No substantive determination has been made whether appellees are in fact engaging in unfair practices under KRS 367.170. Until that determination has been made and appropriate action has been taken by the court, the case is not moot.

The judgment of the lower court is reversed and the cause is remanded for further proceedings consistent with this opinion.

All concur.