RENDERED: MARCH 18, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0700-MR

WHITNEY LEE LUTZ (NOW
BEELER)                                                  APPELLANT


v.

APPEAL FROM GRAYSON CIRCUIT COURT
HONORABLE BRUCE T. BUTLER, JUDGE
ACTION NO. 09-CI-00282


CHRISTOPHER ALAN ARMSTRONG                    APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, DIXON, AND K. THOMPSON, JUDGES.

DIXON, JUDGE: Whitney Lee Beeler appeals the findings of fact, conclusions of

law, and judgment adopted by the Grayson Circuit Court on May 14, 2021. After

careful review of the briefs, the record, and the law, we affirm.

## BACKGROUND FACTS AND PROCEDURAL HISTORY

Beeler and Christopher Alan Armstrong have three children together. In 2009, the court adopted the parties' parenting agreement which provided for joint custody and a visitation schedule consisting of Mondays, Tuesdays, and alternate weekends with Beeler and Wednesdays through Fridays and alternate weekends with Armstrong. In July 2019, Armstrong struck the oldest child in the leg with a fiberglass stick leaving a bruise while the middle child was present. This incident led to a domestic violence petition, which was dismissed by the court; a dependency, neglect, and abuse action, wherein Armstrong stipulated to neglect or abuse and temporary orders limited his visitation time; and a criminal action for domestic violence, fourth degree, of which Armstrong was ultimately acquitted. In September 2019, alleging that the children feared Armstrong, Beeler filed a motion for sole custody of the children and for Armstrong to have limited supervised visitation.

A hearing was held before the Domestic Relations Commissioner (DRC) at which the children, their therapists, the parties, the paternal grandparents, and two friends who had observed Armstrong's interactions with the children testified. Thereafter, the DRC, applying KRS[1] 403.270, issued a report recommending that the parties retain joint custody and gradually resume the prior

---

[1] Kentucky Revised Statutes.

visitation schedule as recommended by the therapists.  Over Beeler's objection, the court adopted the report, and this appeal timely followed.  Additional facts will be introduced as they become relevant.

## ANALYSIS

Beeler argues on appeal that the court erred by applying the incorrect statute, KRS 403.270 instead of KRS 403.340, to its custody determination, and the court abused its discretion in determining that restoring the prior visitation arrangement was in the children's best interest.  Before we consider the merits, Armstrong asserts that this matter should be dismissed where Beeler failed to preserve her claim that the court applied the incorrect law, failed to request a palpable error review, and failed to comply with CR[2] 76.12(4)(c)(v).  We address each in turn.

The role of the appellate court is to review the decisions of the trial court.  *See Jones v. Livesay*, 551 S.W.3d 47 (Ky. App. 2018).  Accordingly, as a general rule "[t]he Court of Appeals is without authority to review issues not raised in or decided by the trial court."  *Regional Jail Auth. v. Tackett*, 770 S.W.2d 225, 228 (Ky. 1989) (citing *Matthews v. Ward*, 350 S.W.2d 500 (Ky. 1961); *Combs v. Knott Co. Fiscal Court*, 283 Ky. 456, 141 S.W.2d 859 (1940); *Tipton v. Brown*, 273 Ky. 496, 117 S.W.2d 217 (1938)).  An exception exists where a party asserts

---

[2] Kentucky Rules of Civil Procedure.

that the lower court made a palpable error which affected their substantial rights and resulted in a manifest injustice. CR 61.02. Herein, not only did Beeler fail to raise the issue that KRS 403.270 was inapplicable before the lower court, she also affirmatively argued that KRS 403.270 was the governing law in her objections to the DRC's report. Accordingly, Armstrong is correct that Beeler's contention was not preserved. Moreover, as Beeler has not requested that this Court undertake a palpable error review, we do not reach the merits of this claim.

Regarding Beeler's remaining argument, Armstrong is correct that Beeler's brief does not comply with CR 76.12(4)(c)(v) where she failed to include a statement identifying "whether the issue was properly preserved for review and, if so, in what manner." Where a party fails to abide by the rules of civil procedure, we are permitted to ignore the deficiency, strike the brief in whole or part, or review the issues raised for manifest injustice. CR 76.12(8); *Elwell v. Stone*, 799 S.W.2d 46, 47 (Ky. App. 1990). Given the import of child-related matters, we will disregard the error to the extent Beeler's claim is properly preserved.

In arguing that the court abused its discretion in setting visitation, Beeler first contends that the court erred by disregarding the statutory presumption that "equally shared parenting time" is in the children's best interest where Armstrong has the children 8 out of every 14 days. KRS 403.270; 403.315. We easily dispense with this challenge as the Supreme Court of Kentucky in *Layman v.*

-4-

*Bohanon*, 599 S.W.3d 423, 431 (Ky. 2020), held that the presumption does not apply to the modification of visitation or timesharing.

Finally, Beeler asserts that the court's findings do not support its visitation decision where the court placed too great an emphasis on Armstrong's wishes and the children's ties to their step-siblings, and gave too little regard for the children's stated wishes to limit visitation, as well as their diagnoses of mental anguish, anxiety, and depression. Armstrong disagrees, noting that the court considered the extensive therapy in which both the children and Armstrong have participated, the therapist's recommendations supporting a slow progression in visitation, and the fact that the visitation arrangement had been successfully implemented for approximately 11 years before this one, isolated incident.

A "court may modify an order granting or denying visitation rights whenever modification would serve the best interests of the child[.]" KRS 403.320(3).[3] Courts have broad discretion in setting visitation. *Pennington v. Marcum*, 266 S.W.3d 759, 769 (Ky. 2008). "Accordingly, we 'will only reverse a circuit court's determinations as to visitation if they constitute a manifest abuse of discretion[] or were clearly erroneous in light of the facts and circumstances of the

---

[3] We note that while neither the court nor Beeler applied KRS 403.320 to their analysis of the visitation issue, instead relying on KRS 403.270 which pertains to custody determinations, we conclude this does not constitute a reversible error where the order on appeal evinces the requisite consideration of the children's best interests.

case.'" *Layman*, 599 S.W.3d at 431 (quoting *Drury v. Drury*, 32 S.W.3d 521, 525 (Ky. App. 2000)).

Herein, while Beeler is correct that the evidence could have supported a different visitation arrangement, the question is not whether this Court would have decided the matter differently. *Humphrey v. Humphrey*, 326 S.W.3d 460, 463 (Ky. App. 2010). Our review of the order on appeal establishes that the court considered the evidence as a whole, including the children's mental health and their stated wishes, in reaching its determination. In support of its decision, the court found that: Armstrong had acknowledged his wrongdoing and had sought and participated in family therapy; the visits between Armstrong and the children go well; and the children's therapists recommended increasing his parenting time, albeit at a gradual rate of progression, so that the family may "move on and have a normal life" leading to the reunification of Armstrong with the children. Accordingly, we cannot conclude that the court's determination constitutes a manifest abuse of discretion or is clearly erroneous.

ACREE, JUDGE, CONCURS.

THOMPSON, K., JUDGE, CONCURS IN RESULT ONLY.

BRIEF FOR APPELLANT:      BRIEF FOR APPELLEE:

Jason C. Hays             Kenneth Clay Ratley
Bowling Green, Kentucky     Leitchfield, Kentucky