RENDERED: JULY 1, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0334-MR

KELVIN ROBERSON                                                          APPELLANT

v.
APPEAL FROM TRIGG CIRCUIT COURT
HONORABLE C.A. WOODALL, III, JUDGE
ACTION NO. 84-CR-00036

COMMONWEALTH OF KENTUCKY                                              APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CLAYTON, CHIEF JUDGE; CALDWELL AND K. THOMPSON, JUDGES.

CLAYTON, CHIEF JUDGE: Kelvin Roberson appeals from the Trigg Circuit Court's findings of fact, conclusions of law, and judgment denying his *pro se* motion for a release of evidence for DNA testing and analysis. Upon review of the record and applicable law, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In February 1985, Kelvin Roberson, then twenty-four years old, was convicted of first-degree burglary, first-degree rape, and theft by unlawful taking over $300. The victim, then eighty-three years old, had been raped and beaten into unconsciousness. Police found her Hopkinsville home in disarray, with blood throughout the bedroom and living room. Moreover, the victim's residence was missing two gold necklaces, a flashlight, and a billfold. Police collected several items of evidence from the crime scene, including numerous hairs, and a nightgown worn by the victim containing blood, semen, and fecal matter.

Law enforcement located a palm print in the victim's kitchen as well. This palm print, as well as one of the victim's missing necklaces found in Roberson's possession, was used to link Roberson to the crime scene. Roberson first told police that he had purchased the necklace from an unidentified male. However, Roberson later testified that he saw an unknown male leaving the victim's home when he was walking by, after which Roberson entered the house and took the necklaces. Nevertheless, Roberson denied raping or even encountering the victim.

The case was transferred from Christian County to Trigg County. The jury subsequently found Roberson guilty of first-degree burglary, first-degree rape, and theft by unlawful taking over $300.00. Roberson was ultimately sentenced to

twenty years' imprisonment for burglary, life imprisonment for rape, and five years' imprisonment. Additionally, the trial court ordered that the twenty-five-year sentence for the burglary and theft by unlawful taking run consecutively with Roberson's life sentence.

Roberson filed a direct appeal to the Kentucky Supreme Court, which affirmed his conviction on February 28, 1986. In 1988 Roberson filed a Kentucky Rule of Criminal Procedure ("RCr") 11.42 motion to vacate, set aside, or correct sentence, which the trial court denied in 1990. Roberson filed a Kentucky Rule of Civil Procedure ("CR") 60.02(f) motion, which the trial court denied in 2003 and affirmed by the Court of Appeals in 2004. In 2012, the Court of Appeals denied Roberson's appeals of the denial of the RCr 11.42 motion. In 2014, Roberson filed a *nunc pro tunc* motion on the denial of his RCr 11.42 motion, which was denied by the trial court in 2014 and affirmed by a panel of this Court in 2015.

On August 16, 2018, Roberson filed the *pro se* motion at issue in this appeal to release certain evidence in the case. Specifically, Roberson asked the trial court to release any evidence related to his case that could be subject to DNA testing pursuant to Kentucky Revised Statute ("KRS") 422.285. After the trial court initially denied the motion for not complying with KRS 422.285(2), Roberson submitted a revised motion with a supporting affidavit that complied with the statute. The Commonwealth filed a response objecting to any hearing or

DNA examination of previously submitted evidence arguing that additional DNA testing would not have changed the case's outcome.

Ultimately, the Trigg Circuit Court denied the motion, finding that while Roberson met the requirements of KRS 422.285(5)(f), the evidence was not in the custody or control of the court or of the Commonwealth. Further, the court found that, with the passage of time and by observing the examined items listed, the court could not find a reasonable probability that Roberson would not have been prosecuted or convicted if DNA testing had led to exculpatory results. Thus, the court held that the evidence was not in a condition to be tested, and, even if it were, it would not have made the difference required by KRS 422.285. This appeal followed.

## ANALYSIS

### a. Standard of Review

We review the denial of a motion to release evidence for DNA testing brought under KRS 422.285 under an abuse of discretion standard. *Hodge v. Commonwealth*, 610 S.W.3d 227, 229 (Ky. 2020). The test for abuse of discretion is whether the trial court's decision was "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999). A trial court abuses its discretion "when (1) its decision rests on an error of law (such as application of the wrong legal principle) or a clearly

erroneous factual finding, or (2) its decision . . . cannot be located within the range of permissible decisions" allowed by a correct application of the facts to the law. *Miller v. Eldridge*, 146 S.W.3d 909, 915 n.11 (Ky. 2004) (citations and emphasis omitted).

### b. Analysis

Roberson argues on appeal that the trial court abused its discretion by denying his motion to release evidence for DNA testing. KRS 422.285 "affords certain felons the post-conviction right to DNA testing of certain evidence. Assuring only those certain felons are granted the right to test only that certain evidence for DNA is, of course, the trial court's responsibility." *Owens v. Commonwealth*, 512 S.W.3d 1, 7 (Ky. App. 2017).

KRS 422.285 permits a person convicted of a capital offense, a Class A felony, a Class B felony, or any offense designated a "violent offense" under KRS 439.3401 and who meets the other statutory requirements to request forensic DNA testing and analysis of evidence that "is in the possession or control of the court or Commonwealth[.]" The evidence must also be "related to the investigation or prosecution that resulted in the judgment of conviction and that may contain biological evidence." KRS 422.285(1)(a).

As discussed in *Owens*:

Generally speaking, the statute requires a trial court to determine the availability of relief . . . by assessing (1)

-5-

the petition (and supplements and response), (2) the petitioner, and (3) the evidence, to confirm that each meets the requirements of the statute. Only after addressing these three preliminary steps, can the trial court reach . . . the more substantive and ultimate question – is there a reasonable probability that the DNA evidence the petitioner seeks would have made a difference had it been available at or before trial?

512 S.W.3d at 7. The Commonwealth is expected to file a written response to the petition with the Commonwealth as the custodian of the evidence providing the court with information on the condition of the evidence. *Id.* at 8.

In this case, Roberson seeks to obtain the release of slides containing blood, semen, and hair evidence from his 1984 conviction so that such items can be subjected to DNA testing. However, we conclude that the trial court correctly denied Roberson's motion to release evidence for testing, as the court found that the evidence sought could not be obtained and thus could not be tested. Under KRS 422.285, the trial court must first determine whether the subject evidence has ever been "in the possession or control of the court or Commonwealth[.]" However, "[i]f the evidence does not exist, then it obviously cannot be tested, and KRS 422.285 only gives the right to a test, not to reversal of a conviction simply where testing is impossible." *Moore v. Commonwealth*, 357 S.W.3d 470, 484 (Ky. 2011).

Here, the trial court made a specific finding that the evidence was not in the custody of the court or Commonwealth. Therefore, because the evidence

was not "in the possession or control of the court or Commonwealth," the trial court correctly denied Roberson's motion. We find no abuse of discretion.

Roberson makes additional arguments in his reply brief to this Court, including claims that the victim was related to the trial judge in this case, the prosecution's suppression of evidence in violation of *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963), and bad faith on the part of the prosecution in not maintaining the physical evidence in this case. However, Roberson did not raise these issues before the trial court, and this Court is without authority to review issues not raised in or decided by the trial court. *Regional Jail Authority v. Tackett*, 770 S.W.2d 225, 228 (Ky. 1989).

Moreover, Roberson has produced no proof that the Commonwealth lost or destroyed the evidence in this case in bad faith. Roberson was convicted in 1985. DNA was only beginning to be understood at that time, and criminal courts did not use DNA profiling in their cases. Thus, it was not bad faith for the Commonwealth to fail to maintain evidence in a condition for a type of testing that was not being utilized at that time.

Furthermore, disposing of evidence as a matter of routine compliance with an existing policy is sufficient evidence for a trial court to find there was no intention of depriving them of exculpatory evidence. *Garland v. Commonwealth*, 458 S.W.3d 781, 786-87 (Ky. 2015). In claiming a due process violation, it must

appear that the state deliberately sought to suppress material, potentially exculpatory evidence. *McPherson v. Commonwealth*, 360 S.W.3d 207, 217 (Ky. 2012). Roberson has provided no evidence that the state deliberately sought to suppress material, potentially exculpatory evidence.

For the foregoing reasons, we affirm the Trigg Circuit Court's judgment.

CALDWELL, JUDGE, CONCURS.

THOMPSON, K., JUDGE, CONCURS IN RESULT ONLY.

BRIEFS FOR APPELLANT:

Kelvin Roberson, *pro se*
Eddyville, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Courtney J. Hightower
Assistant Attorney General
Frankfort, Kentucky