RENDERED: JULY 12, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0557-MR

DAICHE HUGHES                                                          APPELLANT

v.          APPEAL FROM SIMPSON CIRCUIT COURT
            HONORABLE MARK A. THURMOND, JUDGE
            ACTION NOS. 19-CR-00052 AND 19-CR-00110

COMMONWEALTH OF KENTUCKY                                                APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  COMBS, A. JONES, AND KAREM, JUDGES.

KAREM, JUDGE:  Appellant Daiche Hughes ("Hughes") appeals from the

Simpson Circuit Court's order denying her motion for relief from her sentence

under Kentucky Rules of Civil Procedure ("CR") 60.02 and 60.03.  Because

Hughes attempted to raise new grounds for relief on appeal, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In January 2019, Hughes stole $3,938.25 from her employer. On February 3, 2019, Hughes stabbed Erica Burch in the head with a knife. A Simpson County grand jury subsequently indicted Hughes on charges of first-degree assault and theft by unlawful taking (over $500 but under $10,000) in separate cases.

In the first-degree assault case, the Commonwealth offered a sentence of thirteen (13) years' imprisonment and a $2,000 fine. In the theft by unlawful taking case, the Commonwealth offered a sentence of two (2) years' imprisonment and a $1,000 fine. The Commonwealth agreed that the sentences could run concurrently. On September 14, 2020, Hughes accepted the offers and entered a guilty plea in both cases. On June 25, 2021, the trial court entered a judgment sentencing Hughes to a concurrent thirteen (13)-year sentence and a $2,000 fine.

On December 9, 2021, Hughes wrote a letter to the trial court stating that she had agreed to a sentence of ten (10) years and not thirteen (13) years. The trial court held a post-conviction review on June 24, 2022, at which the trial court noted that "the record clearly and unequivocally indicates that [Hughes] agreed to a thirteen (13)-year sentence."

On August 29, 2022, Hughes filed a *pro se* post-conviction motion under CR 60.02 and CR 60.03. She again claimed that her original plea agreement

was for ten (10) years and asked the trial court to reduce her sentence. The trial court denied Hughes's motion, and this appeal followed.

Hughes argues on appeal that her trial counsel was ineffective based on her alleged misunderstanding regarding the length of her sentence. However, as previously discussed, Hughes's post-conviction motion before the trial court was made under CR 60.02 and CR 60.03, and no claims or arguments were made regarding ineffective assistance of counsel.

It is axiomatic that "[a] new theory of error cannot be raised for the first time on appeal." *Springer v. Commonwealth*, 998 S.W.2d 439, 446 (Ky. 1999) (citations omitted). Indeed, an appellate court "is without authority to review issues not raised in or decided by the trial court." *Regional Jail Authority v. Tackett*, 770 S.W.2d 225, 228 (Ky. 1989) (citations omitted).

Furthermore, CR 60.02 is not intended as an avenue to raise issues that could have been addressed in a Kentucky Rule of Criminal Procedure ("RCr") 11.42 motion. *Gross v. Commonwealth*, 648 S.W.2d 853, 856 (Ky. 1983). Hughes's current claims of ineffective assistance of counsel should have been raised in an RCr 11.42 motion and are not grounds for relief under CR 60.02 or CR 60.03. Thus, we may not consider Hughes's arguments on appeal.

Accordingly, we affirm the Simpson Circuit Court's order denying Hughes's CR 60.02 and CR 60.03 motion.

ALL CONCUR.


BRIEF FOR APPELLANT:                      BRIEF FOR APPELLEE:

Daiche Hughes, *pro se*                    Russell Coleman
Pewee Valley, Kentucky               Attorney General of Kentucky

                                              Kristin L. Conder
                                            Assistant Attorney General
                                            Frankfort, Kentucky