RENDERED:  JUNE 13, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0361-MR

ANGEL ROBINSON                                                APPELLANT


                    APPEAL FROM MCCRACKEN CIRCUIT COURT
v.                  HONORABLE JOSEPH ROARK, JUDGE
                    ACTION NO. 20-CI-00528


VENITA MATTHEWS,
ADMINISTRATRIX *DE BONIS NON*
OF THE ESTATE OF LETTIE
MATTHEWS; ESTATE OF ALLIE
JOHNSON; IVY RUFFIN; WINIFRED
RICHARDS; EARNESTINE
RICHARDS; ESTATE OF JOHNNY
RICHARDS; LEON MATTHEWS;
CLARENCE MATTHEWS; DANIEL
MATTHEWS; JOHN FREDERICK
MATTHEWS; DONALD
MATTHEWS; THOMAS
MATTHEWS; ESTATE OF DAVID
MATTHEWS; GRAYLING
MATTHEWS; LOTTIE LECIAN;
VENITA MATTHEWS; AUDREY J.
COLLINS; TERESA YVONNE GEE;
ESTATE OF LETTICIA RICE; AND
ESTATE OF ELLIE PEOPLES                                        APPELLEES

OPINION

AFFIRMING

** ** ** ** **

BEFORE: ACREE, KAREM, AND LAMBERT, JUDGES.

LAMBERT, JUDGE: Angel Robinson, an heir and granddaughter of Lettie Matthews, has appealed from the February 18, 2024, summary judgment of the McCracken Circuit Court resolving a dispute between family members as to the division of 80 acres of real property from Lettie's estate (a portion of which includes a house). We affirm.

Lettie Matthews died testate on September 29, 1999. The settlement of this estate has been going on for more than 25 years, and her property has been subjected to on-going disputes between the heirs as to survey results, timber income, and the house. These disputes resulted in the filing of several actions, including for adverse possession and forcible detainer related to the house, which we shall not review as they are not relevant to the present appeal. Lettie's daughter, Ellee[1] Peoples, was appointed to serve as the administratrix of her estate in December pursuant to Lettie's will, which was admitted to probate in McCracken District Court and recorded in December 1999. Pursuant to the will, Lettie's real and personal property was to be distributed in 1/9th portions to her

---

[1] Ellee's name is misspelled as "Ellie" in the notice of appeal.

eight children, with the last 1/9th portion going to the six sons of her deceased son.

Three of Lettie's children predeceased her,[2] two with issue and one without issue,

which left eight shares to be divided.  At the time of her death, Lettie owned an

interest in an 80-acre tract of real estate in McCracken County.  In 2001, Ellee

hired a surveyor and had the property divided into eight primary tracts that each

contained 10.723 acres.  There were also two one-acre tracts that were called

Tracts 9 and 10.  Ellee tried to assign ownership of the tracts to the beneficiaries

under Lettie's will but met with resistance.  She stopped all actions as

administratrix, and nothing happened with the estate for 12 years.

Venita Matthews, one of Lettie's granddaughters, replaced Ellee as

the administratrix in 2013,[3] and she retained counsel and attempted to obtain an

agreement as to the division of the tracts so that the beneficiaries could receive a

deed and possession of his or her tract.  In furtherance of this goal, counsel mailed

an identical letter to each beneficiary in January 2014, proposing a division of the

tracts.  The letter included the following information:

> 1.  Ellee Peoples (or more specifically, Sheron Minter)
> received $27,862.88 for timber which was sold from
> Tracts 2 through 10 of the property as divided by the

---

[2] Following Lettie's death, several more of her beneficiaries died, including several children and grandchildren.

[3] The order removing Ellee and appointing Venita indicated that Ellee "has performed no significant duties [as administratrix] for several years.  Moreover, she has allowed her son to reside in the [Lettie's] residence without paying rent, and she has caused timber to be sold from [Lettie's] residence against the wishes of the other beneficiaries."

Hunter Martin & Associates plat of April 2001, which was recorded. . . . On behalf of Ms. Peoples, Kathy Minter has reimbursed the estate $22,500.00 of that money. She will have to reimburse the remaining $5,362.88.

2. Ellee Peoples improperly directed Hunter Martin & Associates to redraw the lines of a lot already owned by Johnny Richards. Specifically, his square one-acre lot was split down the middle, and a half-acre was added to each of the new halves, forming two new lots, which are called Tract 9 and Tract 10 on the plat. Johnny did not consent to this. It is therefore necessary for Hunter Martin & Associates to re-survey that portion of the property affected by Johnny's lot so as to (a) restore his original lot to him as if the 2001 plat had never been made, (b) add the rear portion of Tract 9 to Tract 3 (increasing Tract 3's area to approximately 11.223 acres), and (c) add the rear portion of Tract 10 to Tract 2 (increasing Tract 2's area to approximately 11.223 acres). Lots 1 through 8 and Lot 11 (the cemetery) will not be affected. The re-survey will cost $2,060.00. Since Ellee Peoples caused this problem, she will have to advance the fee for the survey out of her own funds.

3. When the lots are then apportioned to the beneficiaries, whoever gets Tract 1 will get no share of the timber money, since no timber was taken from Tract 1. Of course, the new owner of Tract 1 can make his or her own deal with a timber cutter if he or she wants to.

4. When the re-survey is complete, every beneficiary and every beneficiary's spouse will have to sign a deed to every other beneficiary so each owner will acquire clear title. If your spouse will not sign, we do not have an agreement.

5.     (a) The heirs of Allie Johnson (Johnny Richards, Ivy Ruffin, Angel Robinson, Winifred Richards, and Earnestine Richards) will get Tract 1.

(b)  Leon Matthews will get Tract 2 (including the added portion of Tract 10).

. . . .

6.  After all estate expenses have been paid, the remaining timber money will be divided seven ways among the owners of all tracts except Tract 1.

7.  All beneficiaries will have to sign an Informal Final Settlement, which will relieve both Ellee Peoples and Venita Matthews from any further duties and which will close out the Lettie Matthews estate.

All of the beneficiaries signed and returned the letter agreeing with the proposed assignment of the tracts.  Relevant to this case and as set forth above, the heirs of Allie Johnson (five of Lettie's grandchildren, including Angel and her siblings) were to get Tract 1, and Lettie's son, Leon Matthews, was to get Tract 2, which included Lettie's house.  By a plat recorded in September 2019, Tracts 9 and 10 were eliminated and the eight primary tracts were resurveyed.  Each tract then had an area of 10.6865 acres.  However, despite their agreement, Angel and her siblings initiated various legal proceedings, which all failed.

In August 2020, Venita, as administratrix, filed a petition with the McCracken Circuit Court seeking a division of the estate property.  After describing the background as set forth above, Venita requested that the court exercise its equitable jurisdiction and direct the Master Commissioner to execute

deeds on behalf of all of the parties as set forth in the 2019 plat. This would allow the beneficiaries to receive their inheritances.

Angel filed a response dated September 21, 2020, denying the allegations in the petition and stating that she wanted Tract 1 as set forth in the 2001 survey. She included a lengthy list of grievances involving estate issues against the attorney, a surveyor, and both Ellee and Venita when they served as administratrix. She asserted that Lettie's will only addressed the land, not the house, and that she wanted her share of the timber money. She also requested an accounting. Angel discussed the forcible detainer and adverse possession actions related to the house in which Johnny was living on one of the tracts. Other heirs, including Angel's siblings, filed their own letters denying the allegations in the petition. Angel later filed a motion to "countersue" Venita (as the executrix) and the estate, seeking both the removal of Venita as administratrix, damages, timber money, a new survey, and the original Tract 1 that she had agreed to in 2014.

Venita moved for summary judgment in October 2023. She explained that once litigation about the house ended (which began after the beneficiaries had agreed to the 2014 split), she had obtained a new survey that slightly moved other tract lines so that all of the tracts were the same size. Only the heirs of Allie Johnson (Angel and her siblings) had not agreed to the new version of the survey; the rest had informally agreed to the new tract lines. The only dispute remaining

involved Tracts 1 and 2. Leon Matthews was to get Tract 2 pursuant to the 2014 agreement, and this tract included the house. The adverse possession case included evidence that Lettie wanted Leon to have the house, but Leon had since died. His beneficiary, Jenise Jones, felt obligated to keep the house (despite its being in bad shape and in need of repair) because Leon wanted her to have it. But the heirs of Allie Johnson wanted that tract.

Angel subsequently filed motions to dismiss the summary judgment because her copies of the motion were double-sided, to add Angela Tyler to the case as part of Venita's sibling group, "to unseal the summary judgment and order to seal" in the adverse possession case, and to remove Venita as the executrix for misuse of estate assets and other reasons. In the motion to remove Venita, one of the several reasons listed was that: "6. All the heirs signed for their land in 2014, except Angela Tyler, because Venita did not send her the form. The contract is null & void because she changed the contract when she moved our land & Angela needs the form to sign."

The court held a hearing on the motion for summary judgment on January 4, 2024. At the beginning of the hearing, the court stated that it did not have the authority to remove Venita as the executrix; that would have to be raised in the probate action. As to Angel's countersuit, the court clarified that the present action addressed whether the 2014 agreement could be enforced, not whether

Venita had violated her duties as administratrix. Venita, through counsel, argued that none of the respondents filed a response to the motion for summary judgment, and that while there was no clear indication what the heirs of Allie Johnson were seeking, it appeared that they now wanted Tract 2, not Tract 1. In her discussion, Angel stated that Venita and her attorney were trying to go back to the old contract, which Angel said was null and void, and she requested an investigation and trial. One of Angel's sisters informed the court that she and her siblings did not have a problem with not getting Tract 2, but they wanted the house to be "backed out" of Tract 2 because it was never part of the original estate. Counsel for Venita stated that the house had been part of the estate the whole time; it was merely confirmed by the adverse possession case.

On February 19, 2024, the court entered a summary judgment in favor of Venita. The pertinent parts are as follows:

> 6. When Venita Matthews was appointed personal representative on May 2, 2013, she obtained signed agreements from all beneficiaries as to how the tracts would be assigned.
>
> 7. A sibling group (the Allie Johnson group) entitled to one share (*i.e.*, tract) almost immediately reneged on the agreement, the principal stated objection being that they do not believe that the adverse possession of the tract containing the former home of Lettie Matthews was or should have been undertaken. However, that adverse possession case is resolved and cannot be revised. In the present matter, although the reasons for their objections have shifted from time to

time, their current objection is that they want Tract 2 rather than their assigned tract, which is Tract 1. The prior agreement had assigned Tract 2 to Leon Matthews, who has since died. The residuary beneficiary of Leon Matthews desires to receive the tract she believes Leon Matthews owned, *viz.*, Tract 2.

8. In order to make all tracts exactly the same size (unlike a previous survey), Venita Matthews had the property re-surveyed, which changed the tract lines only slightly.

9. No responsive pleadings have been filed objecting to the slight change of tract line. The only dispute is in regard to who should get Tract 1 and who should get Tract 2.

10. The division all the beneficiaries agreed to in 2014 remains valid.

[paragraphs discussing various options omitted]

15. The 2014 agreement provided that Leon Matthews would get Tract 2, because the (old) house Lettie Matthews owned is on that tract. Leon was the youngest son. There was abundant evidence in a prior adverse possession case (14-CI-00877) that Lettie Matthews wanted Leon to have the house. Although it appears the house may detract, rather than add to, the value of Tract 2, residuary beneficiary of Leon Matthews's estate, Jenise Jones, feels a moral obligation to keep it because Leon wanted her to have it.

16. Despite their continued objections, the Allie Johnson group of siblings have filed no pleadings presenting any affirmative evidence why summary judgment should not be granted. Moreover, even though the desired outcome of the various parties may be different, there remains no evidence of any factual

> dispute as to the case.  Finally, they have given no legal reason why they should be awarded Tract 2.
>
> 17.  It is therefore adjudged that the parties' original agreement remains in effect[, albeit it with the slightly altered tract lines set by the 2019 survey.]

The court went on to direct the Master Commissioner to issue eight deeds using the separate legal descriptions to the listed beneficiaries.  Tract 1 was to be deeded to the heirs of Allie Johnson, and Tract 2 was to be deeded to Jenise.  This *pro se* appeal by Angel now follows.[4]

The standards governing summary judgment practice are set forth in Kentucky Rules of Civil Procedure (CR) 56.  "A party against whom a claim . . . is sought may, at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof."  CR 56.02.  A summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  CR 56.03.

On appeal, Angel raises a new set of arguments in her brief related to the 2014 agreement.  She now claims that the heirs' signatures were fraudulently added to the 2014 agreement without their knowledge and that the signed

---

[4] We note that Angel has incorrectly listed her sister Earnestine as an appellant on her brief; Earnestine is an appellee in this appeal.

agreement could not be altered without both the agreement and signatures of all parties to the original agreement, citing Kentucky Revised Statute 355.2-209. That section of the Uniform Commercial Code addresses the sale of goods, not real estate, and has no application to this case.

We decline to review Angel's arguments for two reason. First, it is well-settled that "[t]he Court of Appeals is without authority to review issues not raised in or decided by the trial court." *Reg'l Jail Auth. v. Tackett*, 770 S.W.2d 225, 228 (Ky. 1989). "The proper role for an appellate court is to review for error – and there can be no error when the issue has not been presented to the trial court for decision." *Norton Healthcare, Inc. v. Deng*, 487 S.W.3d 846, 852 (Ky. 2016) (citation in footnote omitted). While Angel did discuss the 2014 agreement before the circuit court, she claimed that it was "null and void" because Venita "changed the contract when she moved our land[.]"

And second, Angel failed to list these arguments as issues in her prehearing statement. Kentucky Rules of Appellate Procedure 22(C)(2) mandates that "[a] party shall be limited on appeal to issues identified in the prehearing statement, except that upon a timely motion demonstrating good cause, the Court of Appeals may permit additional issues to be raised."

Finally, we agree with Venita that the circuit court did not commit any error in entering the summary judgment, in enforcing the 2014 agreement, or in

deciding upon the method to divide the property.  Angel's arguments before the trial court were non-responsive to the issue raised in Venita's petition, but rather centered on the house, the timber money, issues with Venita's attorney, issues with the various judges who presided over the multiple actions, and complaints about Venita's actions as executrix.  There is no reason to delay the division of the real property any longer.

For the foregoing reasons, the judgment of the McCracken Circuit Court is affirmed.

ALL CONCUR.


BRIEF FOR APPELLANT:

Angel Robinson, *pro se*
N. Las Vegas, Nevada

BRIEF FOR APPELLEE VENITA
MATTHEWS, ADMINISTRATRIX
*DE BONIS NON* OF THE ESTATE
OF LETTIE MATTHEWS:

Stanley K. Spees
Paducah, Kentucky