**COMMONWEALTH of
Kentucky, Appellant,**

v.

**Donald CROSS, Appellee.**

**No. 87–CA–2623–MR.**

Court of Appeals of Kentucky.

Dec. 29, 1988.

Rehearing Denied Feb. 24, 1989.

Discretionary Review Denied
by Supreme Court
May 31, 1989.

Frederic J. Cowan, Atty. Gen., Frankfort, Bruce R. Hamilton, Sp. Asst. Atty. Gen., LaGrange, for appellant.

G. Edward James, Berry & Floyd, P.S.C., Carrollton, for appellee.

Before COMBS, DYCHE and GUDGEL, JJ.

COMBS, Judge.

This is an arson case in which the Commonwealth appeals from an order of the Oldham Circuit Court that dismissed an indictment against Donald Cross on the basis that the word "building" as defined in KRS 513.010 refers only to structures which are suitable for occupancy, and does not include automobiles.

The appeal is before this court on an agreed statement of the case, and the facts supporting the indictment are simple and few. Appellee was employed by the AN-AMAG plant in LaGrange, Kentucky, as a night watchman. Early in the morning of January 1, 1987, while the appellee was at work, his 1982 Chevrolet Cavalier was parked at the employee parking lot. It was doused with a flammable substance and ignited.

The appellee was indicted on a count of arson in the second degree, KRS 513.030. The portions of the statute that apply to the appellee's case read as follows:

513.030 Arson in the second degree

(1) A person is guilty of arson in the second degree when he starts a fire or causes an explosion with intent to destroy or damage a building:

....

(b) Of his own or of another, to collect or facilitate the collection of insurance proceeds for such loss.

The Commonwealth was prepared to go forward with the following as evidence. The burned automobile was worth approximately $3,100, and the appellee owed $4,000 for it. The automobile had exceptionally high mileage, and the appellee had unsuccessfully attempted to sell it just before it was burned. The appellee was on duty alone the night of the fire. A wire fence near the parking lot had been cut, and a pair of wire cutters were found in the trunk of the car. No footprints were discernible in the freshly fallen snow near the fence. The automobile was insured, and the appellee had made immediate and persistent efforts to receive payment for his loss.

The circuit court dismissed the indictment for its reasoning that under KRS 513.030 "building" does not include an automobile. The circuit court, finding no judicial opinion defining "building," sought guidance to interpret the statute from the commentary, an Attorney's General opinion, and a book titled *Kentucky Criminal Law*. Perhaps the reason that no judicial opinion has defined "building" is because the legislature has defined it, and defined it

clearly to include automobiles for purposes of KRS Chapter 513. KRS 513.010 states without equivocation or ambiguity that " 'building,' in addition to its ordinary meaning, specifically includes any ... automobile ..." *That* is the law. What is *not* the law are the commentaries, Attorneys' General opinions, and scholarly writings.

Mr. Justice Benjamin N. Cardozo put it best when he wrote:

Our first inquiry should therefore be: Where does the judge find the law which he embodies in his judgment? There are times when the source is obvious. The rule that fits the case may be supplied by the constitution or by statute. If that is so, the judge looks no farther. The correspondence ascertained, his duty is to obey. The constitution overrides a statute, but a statute, if consistent with the constitution, overrides the law of judges.

B. Cardozo, *The Nature of the Judicial Process* (1921).

Whenever those in search of an answer to a question of law come upon a constitutional provision, or a statute consistent with the constitution, that plainly addresses the question, they may then exclaim "Eureka!" Then the research will be done, the answer ironclad, the subject closed.

The order of the Oldham Circuit Court dismissing the indictment against appellee is reversed.

GUDGEL, J., concurs by separate opinion, in which DYCHE, J., joins.

GUDGEL, Judge, concurring by separate opinion.

I concur in the result but choose to express my views separately. KRS 513.010, as originally enacted in 1974, defined a "building" for purposes of the arson statutes as including, in addition to the ordinary meaning, the following property:

... structure, vehicle, watercraft or aircraft:

(a) Where any person lives; or

(b) Where people assemble for purposes of business, government, education, religion, entertainment or public transportation; or

(c) Which is used for overnight accommodation of persons.

In 1982, the legislature amended this definitional statute to provide as follows:

"Building," in addition to its ordinary meaning, specifically includes any dwelling, hotel, commercial structure, automobile, truck, watercraft, aircraft, trailer, sleeping car, railroad car, or other structure or vehicle, or any structure with a valid certificate of occupancy.

The amended statute expanded the types of vehicles qualifying as "buildings" for purposes of the arson statutes by deleting the requirement that any such vehicle be used as a residence, meeting place or for overnight accommodation. Moreover, the legislature simultaneously amended KRS 513.-030 to provide, for the first time, that a person who starts a fire with the intent to destroy a "building" in order to collect insurance proceeds is guilty of arson in the second degree.

It is clear that the legislature, by enacting the unambiguous 1982 amendments to KRS 513.010 and KRS 513.030, intended to render appellant's admitted conduct a class B felony rather than a misdemeanor. *See* KRS 513.060. There is simply no other reasonable explanation for the enactment of the amendments. It follows, therefore, that the court erred by dismissing the indictment in this case.