Bryan A. DEVER, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 2007–CA–000932–MR.

Court of Appeals of Kentucky.

Jan. 9, 2009.

Discretionary Review Denied by Supreme Court Jan. 13, 2010.

Timothy G. Arnold, Frankfort, KY, for Appellant.

Jack Conway, Attorney General of Kentucky, Jason B. Moore, Assistant Attorney General, Frankfort, KY, for Appellee.

Before CLAYTON, MOORE, and TAYLOR, Judges.

## OPINION

CLAYTON, Judge.

Bryan Dever has appealed from the Jefferson Circuit Court's ruling in its April 7, 2007, amended judgment requiring him to register for lifetime as a sexual offender. After careful review of the record and the applicable law, we reverse the amended judgment and remand.

On September 18, 2002, then fifteen-year-old Dever was accused by information with four counts of first-degree sodomy and with two counts of first-degree sexual abuse. These accusations stemmed from Dever's actions against his two young nieces that took place between May 2001 and May 2002. The information specifically reads:

### COUNT ONE

That between May 23, 2001 to May 31, 2002, in Jefferson County, Kentucky, the above named defendant, BRYAN A. DEVER, committed the offense of Sodomy in the First Degree by engaging in deviate anal sexual intercourse with his 7 year old niece, a person less than twelve years of age.

## COUNT TWO

That between May 23, 2001 to May 31, 2002, in Jefferson County, Kentucky, the above named defendant, BRYAN A. DEVER, committed the offense of Sodomy in the First Degree by engaging in deviate oral sexual intercourse with his 7 year old niece, a person less than twelve years of age.

## COUNT THREE

That between May 23, 2001 to May 31, 2002, in Jefferson County, Kentucky, the above named defendant, BRYAN A. DEVER, committed the offense of Sodomy in the First Degree by engaging in deviate anal sexual intercourse with his 6 year old niece, a person less than twelve years of age.

## COUNT FOUR

That between May 23, 2001 to May 31, 2002, in Jefferson County, Kentucky, the above named defendant, BRYAN A. DEVER, committed the offense of Sodomy in the First Degree by engaging in deviate oral sexual intercourse with his 6 year old niece, a person less than twelve years of age.

## COUNT FIVE

That between May 23, 2001 to May 31, 2002, in Jefferson County, Kentucky, the above named defendant, BRYAN A. DEVER, committed the offense of Sexual Abuse in the First Degree by subjecting his 7 year old niece, to sexual contact through the use of forcible compulsion.

## COUNT SIX

That between May 23, 2001 to May 31, 2002, in Jefferson County, Kentucky, the above named defendant, BRYAN A. DEVER, committed the offense of Sexual Abuse in the First Degree by subjecting [his] 6 year old niece, to sexual contact through the use of forcible compulsion.

A trial was eventually scheduled for July 7, 2004. However, that day the parties argued various pretrial motions and appeared the next morning having reached a plea agreement. Under the terms of the agreement, Dever would plead guilty to two counts of first-degree sexual abuse, with recommended sentences of five years for each count to run consecutively for a total of ten years. The remaining charges would then be dismissed at the time of sentencing. The facts supporting his conviction were stated in the Commonwealth's offer on a plea of guilty as follows: "Between May 23, 2001 and April 2002, in Jefferson County Ky the defendant had unlawful sexual contact with his two underage neices [sic]." During the hearing, the parties and the circuit court discussed that the agreement encompassed amending one of the sodomy counts to sexual abuse. The circuit court accepted the plea and entered an Order on Plea of Guilty on July 20, 2004. The order included a summary of the plea agreement as follows:

- SODOMY IN THE FIRST DEGREE (4 COUNTS)—DISMISSED

- SEXUAL ABUSE IN THE FIRST DEGREE (2 COUNTS)

A sentencing hearing was then scheduled for September 27, 2004, following Dever's eighteenth birthday. At the hearing, the circuit court found Dever guilty of two counts of first-degree sexual abuse and dismissed all of the first-degree sodomy charges. The circuit court then sentenced Dever to two consecutive five-year sentences for the sexual abuse convictions, but probated the sentence for five years with several conditions.

In accordance with its ruling, the circuit court entered a judgment of sentence of probation on October 5, 2004. In the judgment, the circuit court also sentenced Dever to a three-year period of conditional discharge after service of his probation and ordered him to register as a sex offender for his lifetime pursuant to Kentucky Revised Statutes (KRS) 17.520.

Dever filed a motion to correct the judgment on October 15, 2004, raising two claims of error. First, Dever argued that the circuit court should not have ordered the three-year period of conditional discharge, as it sentenced Dever to a period of probation rather than incarceration. Second, Dever argued that he did not meet any of the requirements for lifetime registration under KRS 17.520(2)(a)3 or 4, as he did not have any prior criminal convictions against a minor or any prior sex crime convictions, nor had he been convicted of two or more criminal offenses against a minor victim. Furthermore, Dever argued that because he was under the age of eighteen at the time of the offenses and the crimes were based on the age of the victims, he was exempted from the lifetime registration requirement based on the exception to the definition of "criminal offense against a victim who is a minor" contained in KRS 17.500(3)(a). Dever specifically argued that the sexual abuse charges were based on the age of the

victims and that the facts did not indicate that those charges were the result of forcible compulsion.

Following a hearing, the circuit court entered an amended judgment on April 7, 2005, that included a finding that the three-year period of conditional discharge did not apply in this case, as Dever's sentence was probated. However, the circuit court did not amend its lifetime registration requirement. In support of this decision, the circuit court stated as follows: "The Court's finding that the defendant is a lifetime registrant is based upon the determination that a conviction for two (2) counts of sexual abuse in the first degree meets the criteria for lifetime registration under KRS 17.520(2)(a)4." This appeal followed.[1]

On appeal, Dever argues that the circuit court erred in imposing a lifetime registration requirement on him, rather than only requiring him to register for twenty years.[2] The issue as he presents it is whether his conduct was criminal only because of the age of the victims, which would exempt him from the lifetime registration requirement. He focuses on the plea discussion, in which the parties agreed that one of the sodomy counts (which was based on the victim's age) would be amended to first-degree sexual abuse, which would have removed him

1. Dever timely tendered his notice of appeal on Monday, May 9, 2005, along with an affidavit of indigence. By order entered May 10, 2005, the circuit court found Dever to be indigent and appointed the Department of Public Advocacy to represent him on appeal. However, the filing of the notice was delayed due to Dever's failure to pay a partial fee of $200 for his representation by July 1, 2005. Dever filed a Petition for Writ of Mandamus with the Court of Appeals on November 13, 2006 (Original Action No. 2006–CA–002345–OA), seeking to force the Jefferson Circuit Court to forward his notice of appeal to this Court. A three-judge panel of this Court granted Dever's petition and issued a Writ on January 10, 2007. The Clerk of the Jefferson Circuit Court was directed to retroactively file Dever's tendered notice of appeal as of May 10, 2005. The Clerk of the Court of Appeals received Dever's notice of appeal on May 7, 2007.

2. The 2000 version of KRS 17.520 was in effect at the time Dever committed the offenses, and that version required either lifetime registration or registration for ten years following discharge.

from the lifetime registration requirement. The Commonwealth asserts that Dever's argument lacks merit as he does not meet the statutory exception because the crimes for which he was convicted were premised on forcible compulsion, not on the age of the victims. The Commonwealth goes on to argue that Dever failed to preserve his argument regarding amendment of one of the sodomy counts, but that in any event the judgment, as well as the amended judgment, do not reflect that one of the sodomy counts was amended, but rather that all of the sodomy counts were dismissed.

■ Because our resolution of this appeal hinges on the interpretation of a statute, which is an issue of law, we shall review the circuit court's decision *de novo*. *Western Kentucky Coca–Cola Bottling Co., Inc. v. Revenue Cabinet*, 80 S.W.3d 787, 790 (Ky.App.2001).

We shall first set forth the versions of the statutes at issue that were in effect at the time Dever committed the offenses. The General Assembly in KRS Chapter 510 codified sexual offenses. In pertinent part, KRS 510.110(1) provided:

A person is guilty of sexual abuse in the first degree when:

(a) He or she subjects another person to sexual contact by forcible compulsion; or

(b) He or she subjects another person to sexual contact who is incapable of consent because he or she:

1. Is physically helpless; [or]

2. Is less than twelve (12) years old[.]

The General Assembly then provided for sex offender registration in KRS Chapter 17. Looking to those sections that might apply in this case, KRS 17.520(2)(a) man-dated lifetime registration for the following persons:

3. Any person convicted of a sex crime:

a. Who has one (1) or more prior convictions of a felony criminal offense against a victim who is a minor; or

b. Who has one (1) or more prior sex crime convictions;

4. Any person who has been convicted of two (2) or more felony criminal offenses against a victim who is a minor[.]

Finally, the General Assembly defined "criminal offense against a victim who is a minor" in KRS 17.500(2),[3] which included sex crimes as an offense under the definition. However, the General Assembly included an exception to the general definition in subsection (b): "Conduct which is criminal only because of the age of the victim shall not be considered a criminal offense against a victim who is a minor if the perpetrator was under the age of eighteen (18) at the time of the commission of the offense[.]"

■ We shall first address the Commonwealth's argument that Dever failed to preserve his argument as it related to the amendment of the sodomy charge. We agree that this Court "is without authority to review issues not raised in or decided by the trial court." *Regional Jail Authority v. Tackett*, 770 S.W.2d 225, 228 (Ky.1989). *See also Kesler v. Shehan*, 934 S.W.2d 254, 256 (Ky.1996). Furthermore, an appellant "will not be permitted to feed one can of worms to the trial judge and another to the appellate court." *Kennedy v. Commonwealth*, 544 S.W.2d 219, 222 (Ky.1976). In the present case, Dever's motion to amend the judgment was partially based upon his argument that he was entitled to the statutory exception in KRS 17.500(2)(b) because the facts indicated that the crimes were committed based on

---

**3.** This definition is now contained in KRS 17.500(3).

the victims' ages rather than on the basis of forcible compulsion. While Dever did not specifically rely upon the amendment of the sodomy charge in his motion below arguing that he was subject to the exception, we nevertheless believe that he properly preserved this issue by raising the application of the exception. However, we are not basing our decision on the amendment of the sodomy charge.

Turning our attention to the issue before us, it appears that the only subsection of the registration statute that arguably applies to Dever is found in KRS 17.520(2)(a)4, which would require lifetime registration for a person who was "convicted of two (2) or more felony criminal offenses against a victim who is a minor[.]" In this case, Dever was convicted of one criminal offense each against two separate victims who were both minors.[4] However, that subsection must be viewed in conjunction with the statutory definition of "criminal offense against a victim who is a minor" provided in KRS 17.500(3)(a). The exception to that definition applies when the perpetrator is under the age of eighteen, as is the case here. The exception to the definition would apply in cases in which the conduct "is criminal only because of the age of the victim[.]" KRS 17.500(3)(b). We are mindful that we are bound by definitions that the General Assembly has seen fit to supply, so long as that statute is consistent with the constitution. Com. v. Cross, 769 S.W.2d 63 (Ky. App.1988). There is no argument here that the statute is inconsistent with the constitution; therefore, we must follow that definition.

In the information, the sexual abuse counts appear to have been premised on forcible compulsion. The facts, as stated in the Commonwealth's offer (and as relied on by Dever and the circuit court) at the guilty plea hearing, do not mention forcible compulsion as the basis for the charges. Rather, the facts only reference the age of the victims ("unlawful sexual contact with his two underage neices [sic].") Therefore, it appears that Dever's conduct was criminal in this particular case based solely upon the age of the victims and not because he used forcible compulsion. Accordingly, the circuit court should have applied the statutory exception to the definition of "a criminal offense against a victim who is a minor," which in turn would have removed him from application of KRS 17.520(2)(a)4. Because none of the sections requiring lifetime registration applied to Dever, the circuit court committed reversible error in ordering him to do so.

For this reason, the amended judgment of the Jefferson Circuit Court is reversed, and this matter is remanded with directions that Dever be required to register as a sex offender in accordance with the version of KRS 17.520 in effect at the time he committed the offenses.

TAYLOR, Judge, Concurs.

MOORE, Judge, Concurs in Result and Files Separate Opinion.

MOORE, Judge, Concurring in Result.

Unfortunately, based upon the statutes at issue enacted by the General Assembly, I am bound to agree with the majority's analysis of this case. I write separately only to note that in the case at hand, whatever leniency was intended toward juvenile offenders in not requiring lifetime registration as sexual offenders seems to have resulted in an injustice under the facts of this case.

---

4. Although the argument was not raised on appeal, Dever asserted below that KRS 17.520(2)(a)4 did not apply to him because he did not commit two or more offenses against a single minor. Rather, he committed two offenses, but against two different minors.

Dever agreed to be tried as an adult for sexual acts he committed on his nieces who were six and seven years of age. This strikes me as a fact pattern where leniency is not warranted toward a juvenile offender. Nonetheless, I cannot disagree with the majority's analysis of this matter based on the clear language of the statutes at hand, which grant leniency to Dever, having committed these acts before he reached the age of majority. Hopefully, it will not be to the detriment of other children.