RENDERED:  SEPTEMBER 29, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0312-MR

JOSHUA BROWN                                           APPELLANT


|  | APPEAL FROM MADISON CIRCUIT COURT |
|---|---|
| v. | HONORABLE COLE ADAMS MAIER, JUDGE |
|  | ACTION NO. 16-CR-00041 |


COMMONWEALTH OF KENTUCKY                          APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; KAREM AND McNEILL, JUDGES.

McNEILL, JUDGE:  Appellant, Joshua Brown ("Brown"), *pro se*, appeals the February 22, 2022 order of the Madison Circuit Court denying, without an evidentiary hearing, his Kentucky Rule of Civil Procedure ("CR") 60.02 motion to vacate his judgment and sentence.  We affirm.

On January 27, 2016, Brown was indicted on one count of murder, two counts of criminal attempt to commit murder, and one count of first-degree wanton endangerment.  The charges were based on an incident which occurred on

October 27, 2015, at an apartment located at 412 Jason Drive in Richmond, Kentucky. Brown was involved in an argument with his girlfriend, Shalynn Bruck ("Bruck"), which also prompted a confrontation with her father, Steve Martin ("Martin"). The matter escalated and resulted in Brown firing a handgun toward both individuals as well as another individual, Samantha Carney ("Carney"), who was present in the apartment. Martin was killed, Bruck was struck in her right foot, and a wayward bullet penetrated the wall into a neighboring apartment.

After multiple pretrial conferences, a plea agreement was reached, and on June 15, 2017, Brown entered a guilty plea on all charges listed in the indictment. Brown was sentenced to 35 years' imprisonment in accordance with the plea agreement by judgment entered on August 16, 2017.

On June 18, 2020, Brown filed a motion pursuant to CR 60.02, CR 60.03, and the Eighth and Fourteenth Amendments of the United States Constitution requesting his sentence be amended due to the heightened risks of contracting COVID-19 with his underlying health conditions. The trial court denied the motion on August 24, 2020. On September 1, 2021, Brown filed a "motion to file a belated appeal" raising a Kentucky Rule of Criminal Procedure ("RCr") 11.42 claim and asserting the COVID-19 lockdowns impaired his ability to timely file the motion. On October 6, 2021, the trial court denied the motion finding that Brown failed to sufficiently state an exception to RCr 11.42's three-

year filing requirement. The trial court noted the amount of time that had passed between the entry of Brown's sentence in August 2017, and the appearance of COVID-19 in "the early part of 2020."

On January 10, 2022, Brown filed the post-conviction motion at issue in this appeal which requested the underlying judgment and sentence be vacated pursuant to CR 60.02. Brown asserted a claim of actual innocence to the charges and ineffective assistance of counsel for failure to advise him of his available defenses as well as lesser included offenses before entering his plea. Brown also asserted his trial counsel was ineffective for failing to file a notice of appeal. On February 22, 2022, the trial court summarily denied the motion ruling on the basis the claims were successive, untimely, and refuted by the record. This appeal followed.

A denial of a CR 60.02 motion is within "the sound discretion of the [trial] court and the exercise of that discretion will not be disturbed on appeal except for abuse." *Meece v. Commonwealth*, 529 S.W.3d 281, 285 (Ky. 2017) (internal quotation marks and citation omitted). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Id.* (citation omitted). CR 60.02 "is for relief that is not available by direct appeal and not available under RCr 11.42." *Id.* (citation omitted). "Only after these avenues are exhausted can a defendant claim

grounds for CR 60.02 relief. And the defendant cannot raise the same grounds as those for which he claimed, or should have claimed, relief on direct appeal or pursuant to RCr 11.42." *Id.* (citation omitted).

On appeal, Brown reasserts the actual innocence and ineffective assistance of counsel claims he did in his underlying CR 60.02 motion and contends the trial court impermissibly denied the motion without first granting an evidentiary hearing.[1] Brown previously filed two separate unsuccessful post-conviction motions, the second of which cited an ineffective assistance claim under RCr 11.42. The trial court denied this claim as untimely in violation of the three-year deadline under RCr 11.42(10). That ruling was not appealed. The underlying motion at issue in this appeal again asserts ineffective assistance of counsel as it relates to entry of his plea but now Brown adds an actual innocence claim. However, the motion was filed more than four years after entry of his judgment and sentence. To the extent Brown would be entitled to relief, it must be under CR 60.02(f). *See* CR 60.02 (The motion shall be made within a reasonable time, and on grounds (a), (b), and (c) not more than one year after the judgment, order, or

---

[1] Along with some omissions of the procedural briefing requirements in both his appellate and reply briefs, Brown fails to include a preservation statement before the arguments in his appellate brief in violation of Kentucky Rule of Appellate Procedure 32(A)(4). However, due to the concise nature of the record and readily determinable issues before us, we opt to ignore the deficiencies and proceed under a normal review. *See Ford v. Commonwealth*, 628 S.W.3d 147, 155 (Ky. 2021).

proceeding was entered or taken.); *Foley v. Commonwealth*, 425 S.W.3d 880, 885 (Ky. 2014). Brown, as the movant, must specifically present facts that justify vacating the judgment and special circumstances that justify CR 60.02 relief. *Foley*, 425 S.W.3d at 885 (citation and internal quotation marks omitted). Failure to do so does deprives a claimant of any entitlement of an evidentiary hearing. *See Gross v. Commonwealth*, 648 S.W.2d 853, 856 (Ky. 1983).

Brown's only offered explanation relating to the timing of his motion is that his actual innocence claim "overcomes any procedural hurdle or time deadline in filings," and as a result, this "allows the court to review any other claim presented" such as ineffective assistance of counsel "to determine if constitutional violations occurred." Brown cites to multiple United States Supreme Court decisions including, but not limited to, *Schlup v. Delo*, 513 U.S. 298, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995), and *Bousley v. United States*, 523 U.S. 614, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998), for support, but he misconstrues the holdings of these cases. In these decisions, the Court discussed the appropriate standards upon which a federal habeas corpus petition asserting an actual innocence claim could overcome a procedural bar under federal habeas law. *See generally Schlup*, 513 U.S. 298, 115 S. Ct. 851; *Bousley*, 523 U.S. 614, 118 S. Ct. 1604. They do not otherwise compel a state court to permit review of an actual innocence claim that defaults under state procedural rules. The other decisions cited by Brown offer no

other support to the contrary.[2]  Furthermore, we could find no decision rendered by an appellate court of this state that supports Brown's position, and when examining decisions rendered by appellate courts in two of our sister states, they concluded similarly as we do.  *See Ex parte Fournier*, 473 S.W.3d 789, 795 (Tex. Crim. App. 2015); *New Jersey v. Marolda*, 471 N.J. Super. 49, 65, 271 A.3d 858, 867 (N.J. Super. Ct. App. Div. 2022).  Brown has offered no other explanation as to why the actual innocence claim was not asserted sooner such as a recent discovery of new evidence which would not have been previously "obtainable with due diligence[.]" *See Bedingfield v. Commonwealth*, 260 S.W.3d 805, 812 (Ky. 2008) (citation omitted).  As a result, we agree with the trial court's ruling the underlying motion is successive and untimely filed.

Even if these claims were properly filed, we further agree with the trial court's determination they are directly refuted by the record.  The trial court conducted a detailed colloquy during the entry of Brown's plea on June 15, 2017. During the entry of his plea, the record clearly demonstrates trial counsel and Brown acknowledged Brown was sufficiently advised of his constitutional rights as well as all the available evidence and applicable legal defenses related to the case.  Brown affirmed he was satisfied with his trial attorney's services.  The trial

---

[2] Brown additionally cites to *Murray v. Carrier*, 477 U.S. 478, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986), and *Coleman v. Thompson*, 501 U.S. 722, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991).

court asked Brown, "Are you pleading guilty because you are guilty?" In response, Brown clearly stated, "Yes." Brown further acknowledged and affirmed the underlying facts supporting his plea as stated to him, which established he intentionally shot and killed Martin, fired multiple shots at Bruck and Carney, and one of the shots was fired into a neighboring apartment.

"Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Williams v. Commonwealth*, 336 S.W.3d 42, 50 (Ky. 2011) (internal quotation marks and citation omitted). "[T]he representations of a defendant, his attorney, and the prosecutor at a *Boykin*[3] hearing, as well as any findings by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings . . . ." *Fraser v. Commonwealth*, 59 S.W.3d 448, 457 (Ky. 2001) (internal quotation marks and citation omitted). However, "that barrier is not insurmountable if there is proof that the representations were so much the product of such factors as misunderstanding, duress, or misrepresentation by others as to make the guilty plea a constitutionally inadequate basis for imprisonment." *Id.* (internal quotation marks, citation, and emphasis omitted).

---

[3] *Boykin v. Alabama*, 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969).

"[T]he validity of a guilty plea is determined not by reference to some magic incantation recited at the time it is taken but from the totality of the circumstances surrounding it." *Kotas v. Commonwealth*, 565 S.W.2d 445, 447 (Ky. 1978) (citation omitted).

Attempting to overcome the formidable barrier posed by the plea colloquy, Brown asserts his trial attorney informed him that "no defenses would get him relief." Brown generally asserts he had defenses of extreme emotional disturbance and self-defense based on his assertion he was engaged in an argument with Bruck, and Martin assaulted him. Brown also contends he was eligible for lesser included offenses based on an assertion he did not have specific intent to kill anyone.

Nothing pled in the underlying motion filed before the trial court or argued in his appellate briefing sufficiently demonstrates there was any exonerating or mitigating evidence that was specifically undiscussed, unknown, or undiscovered before the entry of his plea which would have advanced a viable defense. *See Brown v. Commonwealth*, 932 S.W.2d 359, 362 (Ky. 1996) (citation omitted) ("[R]elief should not be granted, pursuant to Rule 60.02(f), unless the new evidence, if presented originally, would have, with reasonable certainty, changed the result."); *Bedingfield*, 260 S.W.3d at 812. Brown only asserts that the Commonwealth lacked sufficient evidence to prove the charges. However, again

Brown does not maintain any of this was otherwise unknown or undiscoverable to him at the time his plea was entered, and for purposes of advancing an actual innocence claim in a collateral challenge, Brown must establish factual innocence as opposed to legal insufficiency. *See Bousley*, 523 U.S. at 623, 118 S. Ct. at 1611.

Brown references and attaches as exhibits witness affidavits and pages from a supplemental police report to his reply brief for further support of his defense claims, but this documentation is outside the record and was not presented to the trial court via attachment to his underlying motion. *See* Kentucky Rule of Appellate Procedure 32(E)(1)(c) ("Except for matters of which the appellate court may take judicial notice, materials and documents not included in the record shall not be introduced or used as exhibits in support of briefs."); *Dever v. Commonwealth*, 300 S.W.3d 198, 202 (Ky. App. 2009) ("[An appellate court] is without authority to review issues not raised in or decided by the trial court.") (internal quotation marks and citation omitted). Regardless, they contain nothing clearly contradicting the facts he pled to and do not otherwise offer anything that substantively advance his claimed defenses.

Brown's motion states he informed his attorney he wanted to appeal his conviction because "he was not sure he got a good deal," and on appeal, he asserts his trial attorney advised him to "[t]ake the deal," "say yes" to the judge's questions, and he would "take care of the appeal." This explanation is directly

refuted by the record. Brown acknowledged to the trial court during the entry of his plea that he felt the plea negotiations were fair, the agreement was in his best interest, and he was not otherwise subject to any undue influence. When Brown was informed by the trial court that entry of his plea would waive his right to an appeal, Brown indicated he understood and showed no signs of confusion or reluctance. *See Littlefield v. Commonwealth*, 554 S.W.2d 872, 874 (Ky. App. 1977). If Brown accepted the plea based on trial counsel's promise to appeal, as he appears to claim, he does not explain why this was not brought to the trial court's attention during the colloquy. Therefore, having reviewed the totality of the circumstances observable in the record in conjunction with the pleadings and arguments offered by Brown, we conclude Brown's plea was intelligently and voluntarily entered.

Brown's claims are successive, untimely filed, and refuted by the record. The Madison Circuit Court's summary denial of Brown's CR 60.02 motion was a proper exercise of discretion supported by sound legal principles, and we affirm.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Joshua Brown, *pro se*
West Liberty, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Courtney E. Albini
Assistant Solicitor General
Frankfort, Kentucky