RENDERED:  NOVEMBER 17, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1097-MR

ERNEST MERRIWEATHER                                                APPELLANT

v.
APPEAL FROM CHRISTIAN CIRCUIT COURT
HONORABLE ANDREW C. SELF, JUDGE
ACTION NO. 14-CR-00183

COMMONWEALTH OF KENTUCKY                                            APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  EASTON, ECKERLE, AND JONES, JUDGES.

ECKERLE, JUDGE:  Ernest Merriweather, *pro se*, appeals from an order of the

Christian Circuit Court denying his post-conviction motion filed pursuant to

Kentucky Rule of Criminal Procedure (RCr) 11.42 and Kentucky Rules of Civil

Procedure (CR) 60.02.  We affirm.

## BACKGROUND

Merriweather was charged by information entered on May 13, 2014 with one count of first-degree rape, victim under 12 years of age, and one count of first-degree sodomy, victim under 12 years of age. On November 2, 2015, the Commonwealth extended a plea offer dismissing the rape charge in exchange for a plea of guilty to the sodomy charge with a sentence of 20 years of incarceration, which Merriweather accepted. The Trial Court accepted the plea agreement, and rendered final judgment on March 18, 2016.

On July 7, 2017, Merriweather, *pro se*, filed a motion to vacate his conviction, citing RCr 11.42 and CR 60.02, which the Trial Court denied on October 19, 2017. Subsequently on August 21, 2020, Merriweather filed a motion, citing CR 60.02, CR 60.03, and the Eighth and Fourteenth Amendments of the United States Constitution, requesting an early release from his sentence or release on home incarceration based on the risk of contracting COVID-19 while imprisoned. The Trial Court denied the motion, and that denial was affirmed on appeal in *Merriweather v. Commonwealth*, No. 2020-CA-1182-MR, 2021 WL 5977912 (Ky. App. Dec. 17, 2021).

On June 16, 2022, Merriweather, *pro se*, filed another post-conviction motion, again citing RCr 11.42 and CR 60.02. He asserted that: 1) the Trial Court erroneously denied his request to withdraw his plea and appoint substitute counsel;

2) he was denied counsel during his arraignment, preliminary hearing, and the signing of the information; and 3) he unintelligently and unknowingly entered a plea without the effective assistance of counsel.[1] On August 22, 2022, the Trial Court rendered an Order denying the motion on the basis it was successive, untimely filed, and without merit. This appeal followed.[2] Additional facts will be discussed as relevant in the following discussion.

## ANALYSIS

A Trial Court's denial of relief pursuant to RCr 11.42 or CR 60.02 is reviewed for abuse of discretion. *Stanford v. Commonwealth*, 643 S.W.3d 96, 99 (Ky. App. 2021) (citations omitted). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999). All motions "shall state specifically the grounds on which the sentence is being challenged and the facts on which the movant relies in support of such

---

[1] The Trial Court identified seven separate claims. However, Merriweather's underlying post-conviction motion and appellate brief designate three separate and distinct claims with corresponding arguments laid forth as described. Some of the separate claims identified by the Trial Court are essentially part of the same underlying claim. We address each claim according to how Merriweather pled and organized the claims in his motion and brief.

[2] There are deficiencies in Merriweather's brief, which include the failure to include a statement of points and authorities, a preservation statement of the issues raised on appeal, and sufficient record citations in violation of Kentucky Rule of Appellate Procedure (RAP) 32(A). However, we exercise our discretion to ignore the deficiencies and proceed with review. *See* RAP 31(H); *Hallis v. Hallis*, 328 S.W.3d 694, 696 (Ky. App. 2010).

grounds." RCr 11.42(2). "Motions which fail adequately to specify grounds for relief may be summarily denied, as may be motions asserting claims refuted or otherwise resolved by the record." *Commonwealth v. Pridham*, 394 S.W.3d 867, 874 (Ky. 2012). Under CR 60.02, "[t]he movant must demonstrate why he is entitled to . . . special, extraordinary relief. Before the movant is entitled to an evidentiary hearing, he must affirmatively allege facts which, if true, justify vacating the judgment and further allege special circumstances that justify CR 60.02 relief." *Gross v. Commonwealth*, 648 S.W.2d 853, 856 (Ky. 1983).

On appeal, Merriweather argues the Trial Court abused its discretion in denying the underlying post-conviction motion. Upon review, we agree with the Trial Court's rationale and affirm its denial. These claims could have previously been raised either on direct appeal or in the initial post-conviction motion filed on July 7, 2017, and Merriweather provides no explanation why they were not. *See Gross*, 648 S.W.2d at 856 ("The structure provided in Kentucky for attacking the final judgment of a trial court in a criminal case is not haphazard and overlapping but is organized and complete. That structure is set out in the rules related to direct appeals, in RCr 11.42, and *thereafter* in CR 60.02.") (emphasis in original).

Additionally, these claims were untimely filed. RCr 11.42(10) requires a motion to be filed within three years after the judgment becomes final. *See Palmer v. Commonwealth*, 3 S.W.3d 763 (Ky. App. 1999). RCr 11.42(10)(a)

provides an exception to the three-year deadline if "the facts upon which the claim is predicated were unknown to the movant and could not have been ascertained by the exercise of due diligence[.]"  Alternatively, CR 60.02 requires motions to be filed within a reasonable time or within one year of judgment if based on the grounds articulated in subsections (a), (b), and (c).  "What constitutes a reasonable time in which to move to vacate a judgment under CR 60.02 is a matter that addresses itself to the discretion of the trial court."  *Gross*, 648 S.W.2d at 858.

The final judgment was entered on March 18, 2016, and the underlying motion related to this appeal was not filed until June 16, 2022, which is over three years after the filing deadline.  Merriweather asserts newly discovered evidence, but the underlying motion does not sufficiently demonstrate he diligently pursued the discovery of this evidence or explain when exactly it was discovered.  *See Moorman v. Commonwealth*, 484 S.W.3d 751, 757 (Ky. App. 2016) (holding that a movant "must show both diligence and an extra-ordinary occurrence stood in [one's] way" before equitable tolling applies to the three-year filing requirement under RCr 11.42).  Merriweather's appellate brief attempts to rectify this deficiency stating he had difficulty obtaining his case file from trial counsel but does not otherwise provide further detail explaining this difficulty.  Regardless, we will not entertain explanations unpresented to the Trial Court or speculate what difficulties in communication arose between Merriweather and trial counsel in

-5-

obtaining the case file that could have caused an untimely filing of over three years. *Dever v. Commonwealth*, 300 S.W.3d 198, 202 (Ky. App. 2009) ("[A]n appellant will not be permitted to feed one can of worms to the trial judge and another to the appellate court.") (internal quotation marks and citation omitted). Furthermore, the discovery of this evidence only relates to one claim, and Merriweather provides no explanation in satisfaction of RCr 11.42(10)(a) or CR 60.02 relating to the remaining claims demonstrating why he was unable to raise them earlier.

Even aside from the procedural errors, Merriweather's motion would still fail as each claim is without merit. Merriweather first claims the request to withdraw his guilty plea was erroneously denied without a hearing prior to sentencing. He additionally asserts he was erroneously denied the appointment of substitute counsel in place of trial counsel, who failed to assist in advocating for the withdrawal of his plea. Merriweather's underlying motion and brief do not argue any specifics in support of what is essentially a conclusory argument. During his sentencing hearing on March 9, 2016, Merriweather verbally expressed his wish to withdraw his plea agreement on the basis he was under the influence of medication during the entry of his plea. The Trial Court denied the request, citing his prior plea colloquy on November 2, 2015. *See Zapata v. Commonwealth*, 516 S.W.3d 799, 801-02 (Ky. 2017) (internal quotation marks and citation omitted)

("[T]he trial court is free to deny a motion [to withdraw a plea] under RCr 8.10 without an evidentiary hearing, if the allegations in the motion are inherently unreliable, are not supported by specific facts or are not grounds for withdrawal even if true."); *Edmonds v. Commonwealth*, 189 S.W.3d 558, 569 (Ky. 2006) ("Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.") (internal quotation marks and citation omitted). When observing the record, we discern no clear error as Merriweather appeared fully alert during his plea hearing, participated in the entry of his plea before the Trial Court, and did not otherwise exhibit any signs of impairment. *See Edmonds*, 189 S.W.3d at 569 (footnote omitted) ("Appellant was alert and responsive during the proceedings prior to and throughout the guilty plea. As such, the trial court's finding that the medications did not render the plea involuntary or unintelligent was not clearly erroneous[,]"); *Sands v. Commonwealth*, 358 S.W.3d 9, 13 (Ky. App. 2011) ("We review the court's determination of voluntariness under the clearly erroneous standard."). Furthermore, Merriweather's July 7, 2017, post-conviction motion made no mention or argument asserting this alleged impairment as grounds to vacate his plea, but rather, it was premised on a baseless legal premise that he was a sovereign citizen not under the jurisdiction of the Trial

Court. *See Cubar v. Town & Country Bank & Tr. Co.*, 473 S.W.3d 91, 93 n.1 (Ky. App. 2015), *as modified* (Sep. 4, 2015).

Turning to the next claim, Merriweather argues he was denied counsel during his arraignment, preliminary hearing, and the signing of the information. Contrarily, the record clearly demonstrates Merriweather was represented by trial counsel who was present at all appearances before the Trial Court except for one on October 28, 2015, during which only the trial date was addressed. "It is well-settled that a criminal defendant has a right to be represented by counsel that extends beyond the actual trial to every critical stage of the proceedings." *Stone v. Commonwealth*, 217 S.W.3d 233, 237 (Ky. 2007). However, we cannot conclude a court appearance during which only a matter of scheduling was discussed qualifies as a critical stage under these circumstances. *See id*. at 238 (quoting *Van v. Jones*, 475 F.3d 292, 313 (6th Cir. 2007)) ("'In order to assess if a given portion of a criminal proceeding is a critical stage, we must ask how likely it is that significant consequences might have resulted from the absence of counsel at the stage of the criminal proceeding . . . .'"). The record does not contain the arraignment or preliminary hearing before the Christian District Court, and "[w]hen the record is incomplete, this Court must assume that the omitted record supports the trial court." *Chestnut v. Commonwealth*, 250 S.W.3d 288, 303 (Ky. 2008). Regardless, Merriweather fails to provide specifics establishing how the

arraignment or the preliminary hearing before either the district court or the Trial Court amounted to a critical stage. *See Parrish v. Commonwealth*, 472 S.W.2d 69, 71 (Ky. 1971) ("Under our rules of criminal procedure, arraignment is not a critical stage of the trial unless, of course, the accused enters a plea of guilty without benefit of counsel."); *Walton v. Commonwealth*, No. 2018-CA-000380-MR, 2020 WL 969583, at *7 (Ky. App. Feb. 28, 2020) (Holding that a probable cause hearing is not a critical stage of a criminal proceeding if its purpose "remains limited with little risk of substantial harm to the accused").[3] As to the information, the record demonstrates it clearly contains the handwritten signatures of Merriweather and trial counsel.

Regarding the third and final claim of the ineffective assistance of counsel, Merriweather fails to demonstrate he is entitled to relief as set forth under *Strickland v. Washington*, 466 U.S. 668, 694, 104 S. Ct. 2052, 2068, 80 L. Ed. 2d 674 (1984). To establish ineffective assistance of counsel under *Strickland*, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." 466 U.S. at 694, 104 S. Ct. at 2068. Within the context of plea agreements, "the defendant must show that there is a reasonable probability that,

---

[3] *Walton* is cited pursuant to RAP 41(A) only as persuasive authority.

but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S. Ct. 366, 370, 88 L. Ed. 2d 203 (1985).

Merriweather argues his trial counsel did not disclose DNA evidence, which Merriweather maintains had "not determined" he was "the factual perpetrator" of the crimes charged. A DNA report attached as an exhibit to Merriweather's own underlying post-conviction motion states the tested DNA sample taken from evidence of the crime concluded Merriweather was a contributor, and "an estimated one person in 670 million random, unrelated individuals could be a contributor to [the DNA sample] based on the relevant United States populations." Thus, even if Merriweather was unaware of this evidence prior to the entry of his plea, it is not reasonably likely his knowledge of such evidence would have motivated him to reject the plea. Indeed, it would have likely further encouraged acceptance of the plea as the evidence was more inculpatory than Merriweather contends.

## CONCLUSION

For the foregoing reasons, we AFFIRM the Christian Circuit Court's Order denying Merriweather's motion for post-conviction relief.


ALL CONCUR.

BRIEFS FOR APPELLANT:                    BRIEF FOR APPELLEE:

Ernest Merriweather, *pro se*            Daniel Cameron
West Liberty, Kentucky                   Attorney General of Kentucky

                                         Ken W. Riggs
                                         Assistant Attorney General
                                         Frankfort, Kentucky