RENDERED: JUNE 18, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-0198-MR

AUBREY ELLIS FRANKLIN								APPELLANT


v.			APPEAL FROM KENTON CIRCUIT COURT
			HONORABLE MARY K. MOLLOY, JUDGE
			ACTION NO. 23-CR-00642


COMMONWEALTH OF KENTUCKY								APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE: KAREM, McNEILL, AND TAYLOR, JUDGES.

TAYLOR, JUDGE: Aubrey Ellis Franklin brings this appeal from a January 16, 2025, Final Judgment of the Kenton Circuit Court upon a guilty plea to first-degree possession of a firearm by a convicted felon. We affirm.

Franklin was a passenger in a vehicle stopped for a traffic violation by a police officer in Covington, Kentucky. The officer noticed marijuana shake and a backpack located near Franklin's feet and in plain view. Franklin acknowledged ownership of the marijuana. Upon searching the backpack, the officer discovered

a 9mm Glock handgun loaded with hollow point bullets, a ski mask, and marijuana. When questioned, Franklin admitted the handgun belonged to him. At the time, Franklin had pleaded guilty to felony possession of methamphetamine and was on diversion.

As a result, Franklin was indicted by the Kenton County Grand Jury for the offense of possession of a firearm by a convicted felon under Kentucky Revised Statutes (KRS) 527.040.[1] Franklin filed a motion to dismiss the indictment and argued that KRS 527.040 was unconstitutional pursuant to the Second Amendment of the United States Constitution and Section 1 of the Kentucky Constitution. The circuit court denied the motion to dismiss and concluded that KRS 527.040 was constitutional. Thereafter, Franklin entered a guilty plea but reserved his right to appeal the court's adverse ruling concerning the constitutionality of KRS 527.040. By Final Judgment entered January 16, 2025, the circuit court sentenced Franklin to five-years' imprisonment. This appeal follows.

---

[1] We note that Aubrey Ellis Franklin is considered a convicted felon under Kentucky Revised Statutes (KRS) 527.040 (possession of firearm by a convicted felon) although his sentence of imprisonment for the underlying felony (possession of methamphetamine) was diverted. *See Thomas v. Commonwealth*, 95 S.W.3d 828, 829-30 (Ky. 2003).

## STANDARD OF REVIEW

Our review of a circuit court's determination of the constitutionality of a statute is *de novo. Commonwealth v. Frazier*, 722 S.W.3d 541, 547 (Ky. App. 2025); *Brewer v. Commonwealth*, 478 S.W.3d 363, 375 (Ky. 2015). It is well-established that "[a] constitutional infringement must be 'clear, complete and unmistakable' to render the statute unconstitutional." *Frazier,* 722 S.W.3d at 547 (quoting *Caneyville Volunteer Fire Dep't v. Green's Motorcycle Salvage, Inc.*, 286 S.W.3d 790, 806 (Ky. 2009)).

## ARGUMENT

Franklin contends that KRS 527.040 violates the Second Amendment to the United States Constitution and Section 1 of the Kentucky Constitution. Franklin begins by pointing out that KRS 527.040 prohibits an individual who is convicted of a felony from possessing a firearm.[2] Franklin alleges that he is

---

[2] KRS 527.040 provides, in part:

> (1) A person is guilty of possession of a firearm by a convicted felon when he possesses, manufactures, or transports a firearm when he has been convicted of a felony, as defined by the laws of the jurisdiction in which he was convicted, in any state or federal court and has not:

> > (a) Been granted a full pardon by the Governor or by the President of the United States; or

> > (b) Been granted relief by the United States Secretary of the Treasury pursuant to the Federal Gun Control Act of 1968, as amended.

challenging the constitutionality of KRS 527.040 as it is applied to him, as a nonviolent felon. However, the Commonwealth counters that Franklin only made a facial challenge to the constitutionality of KRS 527.040 in the circuit court. As a result, the Commonwealth maintains that the circuit court only considered and only decided the facial constitutional challenge to KRS 527.040. The Commonwealth argues that Franklin is precluded from raising a new issue for the first time on appeal.

**ANALYSIS**

1. Facial Challenge vs. As-Applied Challenge

In the circuit court, Franklin filed a motion to dismiss the charge of possession of a firearm by a convicted felon. In the motion, Franklin quoted *New York State Rifle & Pistol Association Inc. v. Bruen*, 597 U.S. 1, 17 (2022) and referenced its holding that a regulation impacting an individual's right to possess and carry a firearm must be "consistent with the Nation's historical tradition of firearm regulation." Motion to Dismiss as Unconstitutional at 1, Record at 37. Franklin then alleged that KRS 527.040 was enacted in 1974 and that no such firearm prohibition on felons had existed in Kentucky before that time. Franklin also maintained that no firearm prohibition on felons had existed in this country before the 1968 Gun Act. Franklin quoted a dissent by Amy Coney Barrett, while a member of the Seventh Circuit Court of Appeals in *Kanter v. Barr*, 919 F.3d 437,

451 (7th Cir. 2019); in her dissenting opinion, Franklin highlighted Judge Barrett's statement that "founding-era legislatures" never enacted legislation prohibiting felons from possessing firearms. Motion to Dismiss as Unconstitutional at 2, Record at 38. Franklin also cited to the dissenting opinion of Justice Scott in *Posey v. Commonwealth,* 185 S.W.3d 170 (Ky. 2006), for Justice Scott's historical analysis of KRS 527.040 and for his ultimate determination that KRS 527.040 violated Section 1 of the Kentucky Constitution as it prohibited felons from possessing firearms.

Throughout the motion, Franklin clearly advances a facial challenge to the constitutionality of KRS 527.040. *See Frazier*, 722 S.W.3d at 548-49. His arguments were premised upon the general prohibition in KRS 527.040 against felons from possessing firearms. *See id.* at 548-49. Only once, in the entire motion, does Franklin mention nonviolent felons – "Justice Scott's scholarly Opinion is loud and clear that the history of our Commonwealth does not show a tradition of prohibiting anyone on the basis of a prior felony conviction, especially non-violent [sic] offenses, from possessing a firearm." Motion to Dismiss as Unconstitutional at 4, Record at 40. However, this terse reference to nonviolent offenses lacked any real substantive argument. Motion to Dismiss as Unconstitutional at 4, Record at 40; *see Frazier*, 722 S.W.3d at 548-49. For

instance, Franklin did not even argue that he was a nonviolent offender in his motion and offered no facts therein to establish same. *See id*.

Additionally, in its order denying Franklin's motion to dismiss, the circuit court also viewed the issue as a facial challenge to the constitutionality of KRS 527.040 and decided that the general firearm prohibition as to felons in KRS 527.040 did not offend the Second Amendment to the United States Constitution or Section 1 of the Kentucky Constitution. The circuit court never considered Franklin's particular circumstance of being a nonviolent felon in reaching its decision. *See Frazier*, 722 S.W.3d at 549.

It is clear that the Court of Appeals "'is without authority to review issues not raised in or decided by the trial court.'" *Young v. Commonwealth*, 718 S.W.3d 698, 711 (Ky. 2025) (quoting *Dever v. Commonwealth*, 300 S.W.3d 198, 202 (Ky. App. 2009)); *Reg'l Jail Auth. v. Tackett*, 770 S.W.2d 225, 228 (Ky. 1989). Here, it is evident that Franklin failed to raise an as-applied challenge to the constitutionality of KRS 527.040 before the circuit court, and the circuit court did not rule upon such a challenge. We, therefore, will not consider Franklin's argument that KRS 527.040 is unconstitutional as applied to him; rather, our review is confined to determining whether the circuit court properly decided that the prohibition against felons possessing or carrying firearms in KRS 527.040

facially offends the Second Amendment to the United States Constitution or Section 1 of the Kentucky Constitution. *See Frazier*, 722 S.W.3d at 549-50.

2. Constitutionality of KRS 527.040

The Second Amendment of the United States Constitution reads:

A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed.

And Section 1 of Kentucky Constitution reads, in relevant part:

All men are, by nature, free and equal, and have certain inherent and inalienable rights, among which may be reckoned:

. . . .

Seventh: The right to bear arms in defense of themselves and of the State, subject to the power of the General Assembly to enact laws to prevent persons from carrying concealed weapons.

Throughout our Nation's history, the Second Amendment has served as the cornerstone of a free people's right to carry and to possess firearms. It has been described as a fundamental right "'necessary to our system of ordered liberty.'" *United States v. Rahimi*, 602 U.S. 680, 690 (2024) (quoting *McDonald v. Chicago*, 561 U.S. 742, 778 (2010)). The Second Amendment is said to "protect an individual right to keep and bear arms for self-defense." *Bruen*, 597 U.S. at 17. However, the United States Supreme Court has recognized that "'the right secured by the Second Amendment is not unlimited'" and may be curtailed by legislative

-7-

enactment. *Rahimi,* 602 U.S. at 690-91 (quoting *District of Columbia v. Heller,* 554 U.S. 570, 626 (2008)).

In *Heller*, 554 U.S. at 626-27, the United States Supreme Court particularly concluded:

> Although we do not undertake an exhaustive historical analysis today of the full scope of the Second Amendment, nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms.

The *Heller* Court specifically affirmed that legislative prohibitions on the right of felons to possess firearms are of longstanding status and are presumptively constitutional as to facial challenges. *See Heller*, 554 U.S. at 626-27; *Frazier*, 722 S.W.3d at 562.

The Kentucky Supreme Court, in *Posey v. Commonwealth*,185 S.W.3d 170, was confronted with the very issue of whether KRS 527.040 was facially unconstitutional as violative of Section 1 of the Kentucky Constitution. The *Posey* Court held that the firearm prohibition set forth in KRS 527.040 was facially constitutional and did not violate Section 1 of the Kentucky Constitution. *Id.* at 181.

Franklin believes that *Heller*, 554 U.S. 570 and *Posey*, 185 S.W.3d 170 are no longer binding precedent in view of the United States Supreme Court decision in *Bruen*, 597 U.S. 1. He alleges that under *Bruen*, 597 U.S. at 17, a legislative prohibition against possessing firearms must be "consistent with this Nation's historical tradition of firearm regulation." Appellant's Brief at 4. Additionally, Franklin cites to the Sixth Circuit Court of Appeals opinion in *United States v. Williams*, 113 F.4th 637 (6th Cir. 2024). According to Franklin, the Court of Appeals required a "fact-specific dangerousness determination after taking account of the unique circumstances of the individual, including details of his specific conviction" to determine if a legislative prohibition on the possession of firearms was violative of the Second Amendment of the United States Constitution. Appellant's Brief at 4-5 (quoting *Williams*, 113 F.3d at 663). Under this new legal analysis, Franklin maintains that KRS 527.040 violates the Second Amendment to the United States Constitution and Section 1 of the Kentucky Constitution.

The Kentucky Court of Appeals has recently addressed these precise constitutional issues in relation to KRS 527.040 in *Frazier*, 722 S.W.3d 541. Therein, this Court concluded that KRS 527.040 was facially constitutional and that *Posey*, 185 S.W.3d 170 was still valid precedent:

> We agree with the Commonwealth that *Heller* and its progeny establish that, as to facial challenges, felon-

in-possession statutes are presumptively constitutional. This is consistent with federal circuit courts who have determined that neither *Bruen* nor *Rahimi* abrogated precedent which held 18 [United States Code] § 922(g)(1) facially constitutional based on the continued vitality of the assurances of presumptive constitutionality in *Heller* and *McDonald*. *See United States v. Duarte*, 137 F.4th 743, 749-53 (9th Cir. 2025) (*en banc*); *Vincent v. Bondi*, 127 F.4th 1263, 1264-66 (10th Cir. 2025); *United States v. Hunt*, 123 F.4th 697, 703-04 (4th Cir. 2024).

Unlike the Sixth Circuit [in *Williams*, 113 F.4th 637] in the wake of *Bruen*, who found no precedent among its own opinions on the right to bear arms which had conducted an historical analysis, we and the trial court are required to look to the precedent of the Kentucky Supreme Court. And we conclude the Kentucky Supreme Court had already provided an extensive historical analysis demonstrating a history of the legislature disarming persons it considered dangerous. Furthermore, it substantively affirmed that KRS 527.040 was consistent with the Nation's tradition of firearms regulation. As to the only issue before the trial court, whether KRS 527.040 could be constitutional in some instances, we conclude the presumption of constitutionality for felon-in-possession laws in the United States Supreme Court opinions leaves *Posey* still viable and binding precedent. The trial court erred when finding the presumption in favor of the constitutionality of felon-in-possession laws expressed in *Heller* was insufficient to overcome a facial challenge to KRS 527.040.

*Frazier*, 722 S.W.3d at 562.

In consideration of *Frazier*, 722 S.W.3d 541, we are of the opinion that Franklin has failed to demonstrate that KRS 527.040 is facially violative of the

-10-

Second Amendment to the United States Constitution or Section 1 of the Kentucky Constitution.

We view any remaining contentions of error as moot or without merit.

For the foregoing reasons, the January 16, 2025, Final Judgment of the Kenton Circuit Court is affirmed.

ALL CONCUR.

BRIEFS AND ORAL ARGUMENT
FOR APPELLANT:

Aaron Reed Baker
Assistant Public Advocate
Frankfort Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Joseph A. Beckett
Assistant Attorney General
Office of the Solicitor General
Frankfort, Kentucky

ORAL ARGUMENT FOR
APPELLEE:

Joseph A. Beckett
Assistant Attorney General
Office of the Solicitor General
Frankfort, Kentucky