RENDERED: JULY 12, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0295-MR

ELI ZUSSTONE                                               APPELLANT

v.                APPEAL FROM JEFFERSON CIRCUIT COURT
HONORABLE PATRICIA MORRIS, JUDGE
ACTION NO. 16-CR-002481-001

COMMONWEALTH OF KENTUCKY                      APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CETRULO, GOODWINE, AND A. JONES, JUDGES.

GOODWINE, JUDGE: Eli Zusstone appeals from a judgment issued after a jury found him guilty of theft by deception over $10,000. We affirm.

## BACKGROUND

In 2011, Zusstone agreed to perform payroll calculations for a trucking business acquired by Oydin Mamedov. There was no written contract between Zusstone and Mamedov. Sometime in 2013, Mamedov received letters from the IRS stating that taxes for the trucking business had not been paid. The

letters listed the unpaid taxes and the penalties and interest imposed for nonpayment. Mamedov believed Zusstone had failed to remit funds to the taxing authorities. Thus, Zusstone was indicted in 2016 for failure to make a tax return, two counts of theft by failure to make required disposition of property over $10,000, and three counts of theft by deception over $10,000.

After several continuances, the charges culminated in a three-day jury trial held in 2022. The Commonwealth agreed at the beginning of the trial to dismiss one count of theft by failure to make required disposition.

The Commonwealth called Mamedov as a witness. Mamedov confirmed that he received letters from the IRS showing taxes and penalties due for nonpayment of taxes for three fiscal quarters in 2012, which plainly show the amount of taxes due, and the penalties and interest charges imposed for the unpaid taxes. Specifically, those letters, which were cumulatively admitted as Commonwealth's Exhibit 3, show the total amount of unpaid taxes for those three quarters was near $45,000; the total listed penalties for those quarters were around $13,000; and the total listed interest was about $1,000. When asked by the court, Zusstone's counsel stated that she had no objection to the admission of Commonwealth's Exhibit 3.

The trial recessed for the night after the Commonwealth's direct exam of Mamedov. Before cross-examining Mamedov the next morning, Zusstone's

counsel orally moved *in limine* to prevent further testimony about penalties and interest. Counsel admitted that the nonpayment of taxes, and penalties for those unpaid taxes, were probative. However, counsel argued the precise amount of penalties and interest was irrelevant.

The Commonwealth retorted that the amount of penalties had probative value because they showed Mamedov had long proceeded with the expectation that Zusstone was paying the taxes as part of his payroll duties. Zusstone's counsel then acknowledged that Commonwealth's Exhibit 3, already admitted, listed unpaid federal taxes and penalties and interest imposed for those unpaid taxes. However, counsel argued additional testimony on that point would be improper bolstering on an irrelevant issue.

The trial court ruled that evidence of nonpayment of taxes and penalties was admissible in the guilt phase "up to the point where he [Mamedov] learned" the taxes were not being paid. Video, 11/16/22, 10:38:29 *et seq.* Zusstone did not object to that ruling or ask for clarification, even though it is not clear precisely when Mamedov learned the taxes had not been paid.

Later, the Commonwealth called an employee of the Kentucky Department of Revenue who testified that Mamedov's trucking company had not paid withholding taxes in 2011 and 2012. That witness discussed the penalties and interest imposed for that nonpayment. Zusstone did not object. A payroll

specialist from a company Mamedov had hired to help with his payroll and taxes also testified about the nonpayment of taxes and the penalties and fines imposed therefor. Zusstone did not object.

The trial court granted Zusstone's motion for a directed verdict on the failure to file a tax return charge. Ultimately, the jury found Zusstone guilty of one count of theft by deception over $10,000 and recommended he be sentenced to five years' imprisonment – the statutory minimum. *See* Kentucky Revised Statute (KRS) 514.040(8)(d) (classifying theft by deception over $10,000 as a Class C felony); KRS 532.060(2)(c) (providing a sentencing range of five to ten years' imprisonment upon conviction for a Class C felony). The trial court sentenced Zusstone to five years' imprisonment, probated for three years.[1] After the trial court denied his motion for a new trial, Zusstone filed this appeal.

## STANDARD OF REVIEW

Even as to the preserved arguments, Zusstone faces a heavy burden to receive relief because we review a trial court's evidentiary decisions under the deferential abuse of discretion standard. *Gist v. Commonwealth*, 686 S.W.3d 920, 923 (Ky. App. 2024). A decision is an abuse of discretion if it is "arbitrary,

---

[1] Judge Patricia Morris sentenced Zusstone, but then-Judge Angela McCormick Bisig presided over the trial prior to her beginning to serve on the Supreme Court of Kentucky.

-4-

unreasonable, unfair, or unsupported by sound legal principles." *Id.* (internal quotation marks and citation omitted).

Of course, we may affirm on alternate grounds than those utilized by the trial court. *Mark D. Dean, P.S.C. v. Commonwealth Bank & Tr. Co.*, 434 S.W.3d 489, 496 (Ky. 2014). Also, "[w]e have considered the parties' extensive arguments and citations to authority but will discuss only the arguments and cited authorities we deem most pertinent, the remainder being without merit, irrelevant, or redundant." *Schell v. Young*, 640 S.W.3d 24, 29 (Ky. App. 2021). For example, because the issues may be resolved by the application of published precedent, we decline to address the unpublished precedent discussed by the parties.

## ANALYSIS

The sole overarching issue raised by Zusstone on appeal, which contains three subparts, is that he is entitled to a new trial because the Commonwealth presented inadmissible evidence of penalties and interest imposed upon Mamedov.[2] Zusstone first contends the evidence of penalties and interest completely lacked probative value. Second, he contends any probative value the

---

[2] In one clause of one sentence in the portion of his brief stating whether he desires oral argument, Zusstone asserts there was a unanimous verdict issue within the jury instructions. However, Zusstone does not meaningfully discuss any alleged unanimity issues in the argument section of his brief. Accordingly, we decline to address unanimity since "a terse, conclusory assertion wholly unaccompanied by meaningfully developed argument or citation to authority is insufficient to merit appellate relief." *Schell*, 640 S.W.3d at 32.

-5-

evidence has was outweighed by its prejudicial impact on him. Third, he contends the evidence of penalties and interest confused the jury.

## A. Preservation

The parties dispute whether Zusstone properly preserved his issues for our review via his motion *in limine* because it is undisputed that he did not timely object to testimony about penalties and interest. Thus, we must first determine whether Zusstone's three sub-arguments were properly preserved for our review.

According to our Supreme Court, "[i]n a criminal case, an allegation of error is properly preserved when 'a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which that party desires the court to take . . . .'" *Gasaway v. Commonwealth*, 671 S.W.3d 298, 313 (Ky. 2023) (quoting Kentucky Rule of Criminal Procedure (RCr) 9.22) (single internal quotation marks added) (block quotation indentation omitted). RCr 9.22 is commonly known as the contemporary objection rule. On the other hand, Kentucky Rule of Evidence (KRE) 103(d) provides in relevant part that "[a] motion in limine resolved by order of record is sufficient to preserve error for appellate review." There is potential tension between KRE 103(d) and RCr 9.22.

Our Supreme Court has reconciled those rules as follows:

> As for motions in limine preserving errors for appellate review, we have recognized that "KRE 103(d) modified, but did not repeal, the contemporaneous

objection rule of RCr 9.22. . . ." *MV Transp., Inc. v. Allgeier*, 433 S.W.3d 324, 331 (Ky. 2014). We made clear that "the critical point in preservation of an issue remains: was the question fairly brought to the attention of the trial court." *Id.* (citing *Davis v. Commonwealth,* 147 S.W.3d 709, 722-23 (Ky. 2004) . . . . In *Lanham v. Commonwealth*, 171 S.W.3d 14 (Ky. 2005), we held that while a motion in limine is a proper means for bringing evidentiary issues to the trial court's attention, the contemporaneous objection rule was still alive and well. *Id.* at 20-21.

*Jenkins v. Commonwealth*, 607 S.W.3d 601, 611 (Ky. 2020). So, "for a motion in limine to preserve an issue for appeal, it must bring the particular error argued on appeal to the attention of the trial court both as to the matter objected to and as to the grounds of the objection." *Id.* at 612 (internal quotation marks and citation omitted).

**1. Argument That Evidence of Penalties and Interest Completely Lacked Probative Value Is Preserved**

We begin with Zusstone's argument that the evidence of penalties and interest had no probative value. Zusstone's counsel specifically argued there was no probative value in testimony about the specific amounts of penalties and interest, so the issue was adequately brought to the trial court's attention.

**2. Probative Value Outweighed by Prejudicial Impact Argument Is Unpreserved**

Next, Zusstone argues in the alternative that any probative value in testimony about penalties and interest was outweighed by its prejudicial impact on Zusstone. This issue was not preserved by the motion *in limine*.

At the beginning of the oral motion, Zusstone's counsel seemed to admit there was probative value in the fact that penalties were imposed. However, when the court asked counsel to clarify whether the gist of her argument was that the probative value of evidence of penalties and interest was outweighed by its prejudice to Zusstone, defense counsel first said "yes" but then quickly reversed and stated: "Just to clarify, the amount of penalties assessed is not probative at all – not that it's not, not, that it's a little probative, or that its probative value is outweighed. It's not probative at all." Video, 11/16/22 at 10:33:52 *et seq*. And counsel did not later argue that the prejudicial impact of the evidence outweighed its probative value.

As a result, Zusstone specifically declined to make at trial the prejudice-outweighs-any probative value argument made in his brief. Consequently, this issue was not adequately brought to the trial court's attention. *Jenkins*, 607 S.W.3d at 612.

In a similar situation, our Supreme Court declined to review an issue that was not contained in a motion *in limine*. *Ten Broeck Dupont, Inc. v. Brooks*,

283 S.W.3d 705, 734 (Ky. 2009) ("[T]his precise argument was never made in the trial court. An appellate court 'is without authority to review issues not raised in or decided by the trial court.' *Regional Jail Authority v. Tackett*, 770 S.W.2d 225, 228 (Ky. 1989); *Matthews v. Ward*, 350 S.W.2d 500 (Ky. 1961); *see also Lanham v. Commonwealth*, 171 S.W.3d 14, 21 (Ky. 2005) (A motion in limine will be treated by an appellate court as not raising any matter for review not strictly within the scope of the motion.) . . . This issue being unpreserved and not having been presented to the trial court in the first instance, we will not address it.").

However, we have sometimes elected to review issues raised on appeal that were not contained within a motion *in limine*. *See, e.g.*, *Montgomery v. Commonwealth*, 505 S.W.3d 274, 280 (Ky. App. 2016). And Zusstone has requested palpable error review for unpreserved issues. For an error to be palpable there must be "a showing of the probability of a different result, or that the error in the proceeding was of such magnitude as to be shocking or jurisprudentially intolerable." *Id.* (internal quotation marks and citation omitted).

We would affirm even if we leniently reviewed the unpreserved argument regarding whether the probative value of the evidence about penalties and interest was outweighed by its prejudicial impact for palpable error (or even if we had concluded it was properly preserved). KRE 403 provides that "[a]lthough relevant, evidence may be excluded if its probative value is substantially

-9-

outweighed by the danger of undue prejudice . . . ." Our Supreme Court has held that "[t]he exclusion of relevant evidence under KRE 403 is an extraordinary remedy that should be employed sparingly." *Commonwealth v. Melton*, 670 S.W.3d 861, 867 (Ky. 2023). And "on review of a trial court's ruling under KRE 403, we must view the evidence in the light most favorable to its proponent, giving the evidence its maximum reasonable probative force and its minimum reasonable prejudicial value." *Id.* at 868 (internal quotation marks and citations omitted).

Here, evidence about penalties and interest helps show that Mamedov believed Zusstone was paying the relevant taxes. And the significant specific amount of penalties and interest helps show how long Mamedov held that belief.

On the other hand, Zusstone has not provided anything beyond self-serving speculation to support his argument that evidence of the penalties and interest evidence was highly prejudicial. To the contrary, the jury acquitted him of some charges and recommended the statutory minimum charge on the one count for which it found him guilty. Plus, the brief testimonial references to penalties and interest constituted only a minute amount of the three-day trial. Moreover, the Commonwealth presented ample evidence that Mamedov's unpaid taxes exceeded $10,000, without considering penalties and interest.

On balance, allotting the evidence to have its maximum probative value but minimal prejudicial impact upon Zusstone, we would affirm the trial

-10-

court's decision to admit evidence of penalties and interest if we had leniently concluded Zusstone had properly preserved that issue in his motion *in limine*.

### 3. Jury Confusion Argument Is Preserved

Finally, Zusstone argues that the evidence of penalties and interest was inadmissible because it confused the jury. Although that was not the main focus of the motion *in limine* (or of the trial court's ruling), Zusstone's counsel expressly argued that evidence of penalties and interest would cause the jury to be confused. Consequently, the jury confusion issue was preserved by the motion *in limine*.

### B. The Evidence of Penalties and Interest Had Probative Value

Zusstone argues the evidence of penalties and interest had no probative value (*i.e.*, relevance). "The 'probative value' or 'probative worth' of evidence is a measure of how much the evidence tends to make the fact it is introduced to prove more or less probable." *McLemore v. Commonwealth*, 590 S.W.3d 229, 234 (Ky. 2019) (internal quotation marks and citation omitted).

"In general, all relevant evidence is admissible unless excluded by the Constitution, a statute, or some other rule. KRE 402. Evidence that is not relevant is not admissible. *Id.*" *Hall v. Commonwealth*, 645 S.W.3d 383, 391 (Ky. 2022). Evidence is *relevant* if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable

-11-

than it would be without the evidence." KRE 401. "The bar for evidence to meet to be considered relevant is low." *McLemore*, 590 S.W.3d at 233.

The evidence of penalties and interest was probative to show taxes were not paid because penalties and interest would not have been imposed if taxes had been properly paid. Moreover, we agree with the Commonwealth that the imposition of penalties and interest upon Mamedov, and the amount thereof, goes toward showing his longstanding belief that Zusstone was paying those taxes. In short, the amount of penalties and interest clears the low bar for relevancy. Accordingly, we reject Zusstone's argument that evidence of penalties and interest should have been excluded because it had no relevance.

### C. Zusstone Has Not Adequately Shown the Jury Was Confused

Finally, Zusstone argues the evidence about penalties and interest should have been excluded because it was confusing to the jury. Though Zusstone's counsel mentioned potential juror confusion in the motion *in limine*, that argument was not the focus of the motion. Moreover, jury confusion was not explicitly discussed by the trial court in its ruling allowing the Commonwealth to present the challenged evidence.

KRE 403 provides that relevant evidence may be excluded if "its probative value is substantially outweighed by the danger of . . . confusion of the issues . . . ." Professor Robert Lawson's treatise on Kentucky evidentiary law

explains that excluding evidence under KRE 403 to avoid confusing the jury is "used to justify exclusion of evidence that would create side issues and simultaneously impair the capacity of the jury to deal with the crucial issues of a case." 1 ROBERT G. LAWSON, KENTUCKY EVIDENCE LAW HANDBOOK § 2.15[4][b] (2019). Our Supreme Court agrees, having held that "'[c]onfusion of the issues' is generally used to exclude evidence that creates side issues that distract jurors from the real issues of the case." *Brooks*, 283 S.W.3d at 715. Zusstone has not shown the challenged evidence here meets those criteria.

Zusstone's jury confusion argument is, at its core, a slight rephrasing of his relevancy argument. For example, Zusstone contends the Commonwealth's theory of the case did not require it to show that Mamedov incurred taxes and penalties, so testimony about an irrelevant matter was confusing to the jury.

It is common knowledge that nonpayment of taxes may result in imposition of penalties and interest. Moreover, there was ample evidence that Mamedov's unpaid tax liability greatly exceeded $10,000, so the addition of the penalties and interest did not reasonably impact the jury's finding that Zusstone was guilty of theft by deception over $10,000. Zusstone has not adequately explained what "side issues" the testimony about penalties and interest created which led the jury to be confused about what tasks were properly before it and impaired the jury's ability to discern, then resolve, the actual issues truly before it.

In short, we discern no abuse of discretion in the trial court's rejection of Zusstone's terse jury confusion argument.

## **CONCLUSION**

For the foregoing reasons, the Jefferson Circuit Court is affirmed.

ALL CONCUR.


BRIEFS FOR APPELLANT:

Jennifer E. Hubbard
Louisville, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Thomas A. Van De Rostyne
Assistant Attorney General
Frankfort, Kentucky